UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENGATE FRESH, LLLP, an Arizona limited liability limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>TRINITY FRESH PROCUREMENT, LLC, et al.,<br><br>Defendants. | No. 2:18-cv-03161-JAM-EFB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

On December 26, 2018, Plaintiff filed a Motion for a Preliminary Injunction under the Perishable Agricultural Commodities Act ("PACA"), seeking continued injunctive relief to prevent Defendants from dissipating trust assets. See Mot., ECF No. 12; Compl., ECF No. 1. Defendants have not responded. The Court granted Plaintiff's Motion for a Temporary Restraining Order on December 20, 2018, TRO Order, ECF No. 11, and modified that order pursuant to the parties' stipulation on December 27, 2018, Order, ECF No. 14. For the reasons given below, the Court GRANTS Plaintiff's Motion for a Preliminary Injunction.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

## I. BACKGROUND

Between March 16, 2018 and December 3, 2018, Plaintiff sold Defendants produce totaling an invoiced amount of $540,979.90. Decl. of John P. Iverson ("Iverson Decl."), ECF No. 4-2, p. 2 ¶ 4. Defendants have failed to pay those invoices. Id. ¶¶ 6-9. On December 11, 2018, Plaintiff received an email from Defendant Paul Abess, stating that Trinity Procurement had ceased operations and will not have sufficient funds to satisfy its creditors with PACA trust claims accepted in the final 30 days of operations. Id. ¶ 10. Abess's email also stated that Trinity Procurement intended to use remaining funds to pay final wages, benefits, and taxes. Id. Shortly after receiving this email, Plaintiff filed its Complaint. See Compl.

## II. LEGAL STANDARD

### A. The Perishable Agricultural Commodities Act ("PACA")

Congress enacted PACA in 1930 to prevent unfair trading practices in the produce industry. Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997). In 1984, Congress amended PACA "to remedy the burden on commerce in perishable agricultural commodities and to protect the public interest caused by accounts receivable financing arrangements that encumber or give lenders a security interest in the perishable agricultural commodities superior to the growers." S & H Packing & Sales Co. v. Tanimura Distrib., Inc., 883 F.3d 797, 802 (9th Cir. 2018) (en banc) (internal quotation marks omitted). "Congress intended to shield agricultural growers from risk in enacting PACA 'to protect the public interest.'"

1 | Id. (quoting 7 U.S.C. § 499e(c)(1)). Accordingly, PACA seeks
2 | "to benefit all parties and society by ensuring that growers are
3 | protected; lenders know their risk; and agricultural commerce is
4 | encouraged to benefit society." Id.
5 | To enact its goals, PACA creates a statutory trust to
6 | protect produce growers:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2). "This provision imposes a 'nonsegregated floating trust' on the commodities and their derivatives, and permits the commingling of trust assets without defeating the trust." S & H Packing, 883 F.3d at 802 (quoting Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc., 67 F.3d 1063, 1067 (2d Cir. 1995)).

Unpaid sellers of produce must give written notice of their intent to preserve PACA trust benefits within thirty days or include a statutorily specified notice on its invoices. 7 U.S.C. § 499e(c)(3-4). PACA makes it unlawful for buyers to fail to make full payments promptly or fail to maintain the trust. 7 U.S.C. § 499b(4). Buyers who violate § 499b are subject to liability for any damages caused by their violation. 7 U.S.C. § 499e(a).

///

B. Preliminary Injunctions

Federal Rule of Civil Procedure 65 provides authority to issue either preliminary injunctions or temporary restraining orders. Plaintiffs seeking these forms of injunctive relief must demonstrate (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7 (2008)).

III. ANALYSIS

A. Likelihood of Success

District Courts in the Ninth Circuit regularly grant injunctive relief in PACA cases, concluding that the prospect of trust assets being depleted constitutes irreparable injury. See CP Produce, LLC v. Quality Fresh Farms, Inc., No. 118CV00077DADEPG, 2018 WL 1980749, at *3 (E.D. Cal. Jan. 19, 2018) (collecting cases).

Here, Plaintiff has demonstrated a likelihood of success on its claims. GreenGate Fresh provided evidence that it is a "dealer" within the meaning of PACA, and that Trinity Distribution and Trinity Procurement are buyers licensed under PACA. See Iverson Decl., ¶¶ 3-4. Plaintiff further provides evidence that Defendants Abess and Trinity Procurement were in positions of control over Plaintiff's PACA trust assets. See id. ¶ 11. The produce was sold in interstate commerce, as

4

required by 7 U.S.C. § 499a(b)(8). Id. ¶ 4. The invoices contain the statutorily required language to ensure Plaintiff preserved its rights to the benefits of the statutory trust under 7 U.S.C. § 499e(c)(4). Iverson Decl., Ex. 1, ECF No. 4-2, pp. 5-136. Plaintiff provides declarations that Defendants accepted its produce, but have not paid the provided invoices. Id. ¶¶ 8-9.

Given this evidence, it is likely Plaintiff can succeed on the merits of its PACA claims.

### B. Likelihood of Irreparable Injury

Plaintiff can also show a likelihood of irreparable injury in the form of dissipated trust assets. See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 140 (3d Cir. 2000) (holding that PACA trust dissipation can constitutes irreparable harm). Iverson declares that Defendants have ceased operations, have substantial accounts receivable yet to be collected, and intend to pay wages, benefits, and taxes rather than PACA trust claims. Iverson Decl. ¶ 10. As identified above, courts accept the dissipation of assets from the PACA trust as indicative of irreparable injury. See, e.g., CP Produce, 2018 WL 1980749, at *3.

### C. Balance of the Equities and the Public Interest

The balance of equities thus tips towards Plaintiff. It is statutorily entitled to a trust in the proceeds of any sales from the products it shipped until the outstanding invoices are paid in full. 7 U.S.C. § 499e(c)(2). Defendants have not demonstrated any hardship they will suffer by being forced to not dissipate trust assets.

Finally, an injunction here would be in the public interest. As the Ninth Circuit recently noted in S & H Packing, PACA seeks to further the public interest by ensuring the protection of produce growers and encouraging agricultural commerce for social benefit. 883 F.3d at 802. Given Plaintiff's likelihood of success on the merits and Congress's intent in passing PACA, the public interest will be served by granting an injunction here.

### D. Rule 65 Bond or Security

Rule 65 provides that a court may only issue an injunction "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Here, based on the evidence presented, the Court concludes no bond or security is required of Plaintiff. See, e.g., CP Produce, 2018 WL 1980749, at *4.

## IV. CONCLUSION AND ORDER

For all of the reasons set forth above:

1. Plaintiff's Motion for a Preliminary Injunction (ECF No. 12) is GRANTED;

2. Defendants are directed to deliver to Plaintiff's counsel true and correct copies of Defendants' financial and/or business records identifying and describing all PACA trust assets currently within the possession, custody, and control of defendants and which disclose the location of all such PACA trust assets. For purposes of compliance with this provision, PACA trust assets are defined to include those assets which are

identified as being part of the PACA trust pursuant to 7 C.F.R. § 46.46(b), which states:

> The trust is made up of perishable agricultural commodities received in all transactions, all inventories of food or other products derived from such perishable agricultural commodities, and all receivables or proceeds from the sale of such commodities and food or products derived therefrom. Trust assets are to be preserved as a nonsegregated "floating" trust. Commingling of trust assets is contemplated.

3. The court orders that Defendants and any officers, directors, shareholders, employees, agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are restrained and prevented from transferring, withdrawing or in any other manner removing trust assets held pursuant to 7 U.S.C. § 499e et seq., including funds on deposit in banking accounts held by or on behalf of Defendants;

    a. This Order shall not restrain the accounts of Trinity Fresh Trucking, LLC, against whom Plaintiffs reserve all claims and rights, including the right to later assert that it is in possession of, or has possessed, assets subject to the trust provisions of the PACA;

    b. This Order is binding upon the parties to the parties to this action, banking and financial institutions, including Central Valley Community Bank, and all other persons or entities receiving actual notice of this Order by personal service, including facsimile transmission, email, priority mail with delivery confirmation, or overnight delivery;

///

///

4. The Court orders that, pending determination of a motion for preliminary injunction, Defendants and all owners, officers, directors, shareholders, employees, agents, bankers, subsidiaries, successors, assignees, principals, assignors, attorneys, and persons acting in concert with them, shall be restrained and prevented from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

  a. Removing, withdrawing, transferring, assigning, or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books, or funds;

  b. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets; and

  c. Taking any other action whatsoever which violates 7 U.S.C. § 499e(c)(1) through (4), inclusive, and 7 U.S.C. § 499b(4).

5. No bond shall be required to be posted by Plaintiff pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

6. Defendants are further notified of their right to apply to the court for modification or dissolution of this order, if appropriate and supported by a showing of good cause, on two (2) days' notice or such shorter notice as the court may

allow.  See Fed. R. Civ. P. 65(b)(4) and Local Rule 231(c)(8).

IT IS SO ORDERED.

Dated: January 14, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE