UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENGATE FRESH, LLLP, an Arizona limited liability limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>TRINITY FRESH PROCUREMENT, LLC, a California limited liability company; PAUL ABESS, individually; and TRINITY FRESH MANAGEMENT, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. 2:18-cv-03161-JAM-EFB<br><br>**ORDER GRANTING STIPULATION TO APPOINT RECEIVER** |
| SUNTERRA PRODUCE TRADERS, INC., a California corporation; 1ST QUALITY PRODUCE, INC., a California corporation; PETERSON FARMS, INC., a Michigan corporation; COASTAL PACIFIC SALES, LLC, a Washington limited liability company; and FROERER FARMS, INC., an Oregon corporation, D/B/A OWYHEE PRODUCE,<br><br>Intervening Plaintiffs,<br><br>vs.<br><br>TRINITY FRESH DISTRIBUTION, LLC, | |

1

<table>
<tr><td>1</td><td>California limited liability company; TRINITY FRESH MANAGEMENT, LLC, California limited liability company; TRINITY FRESH PROCUREMENT, LLC, California limited liability company; and PAUL P. ABESS, an individual,</td></tr>
<tr><td>2</td><td></td></tr>
<tr><td>3</td><td></td></tr>
<tr><td>4</td><td>Defendants.</td></tr>
</table>

Having read and considered the Stipulation to Appoint Receiver agreed to by on the one hand, Plaintiff GreenGate Fresh, LLLP ("GreenGate"), Intervening Plaintiffs Sunterra Produce Traders, Inc., 1st Quality Produce, Inc., Peterson Farms, Inc., Coastal Pacific Sales, LLC; and Froerer Farms, Inc. d/b/a Owyhee Produce (collectively "Intervening Plaintiffs") and proposed Consolidated Plaintiffs FreshPoint Denver, Inc. and Ruby Robinson Co., LLC (the "FreshPoint Group,"[1] GreenGate, Intervening Plaintiffs and the FreshPoint Group are, together, the "Plaintiffs"), and on the other hand, Paul Abess ("Mr. Abess," Plaintiffs and Mr. Abess are collectively referred to as the "Parties"), and good cause appearing therefor,

IT IS HEREBY ORDERED that said Stipulation is granted in its entirety as follows:

1. Patrick Bulmer of California Receivership Services (the "Receiver") shall be and hereby is appointed as receiver for the limited purpose to sell the FF&E, personal property and vehicles (the "Receivership Estate") of the owners of record Trinity Fresh Distribution, LLC, Trinity Fresh Management, LLC, and Trinity Fresh Procurement, LLC's (collectively "Trinity Fresh Entities") located on the Trinity Fresh Entities' former business location at 8200 Berry Avenue, Suites 130/140/150, Sacramento, CA 95828 (the "Premises") for the benefit of those creditors who may claim an interest in the Receivership Estate.

2. The Receiver shall immediately and before performing any duties:

---

[1] Although the FreshPoint Group's action has not been formally consolidated with this matter, the members of the FreshPoint Group are interested parties because they are co-beneficiaries of the PACA trust, and they join in the stipulation. If they moved for the same relief in their Related Action, their request would be duplicate of the efforts set forth herein.

2

  a. Execute and file a receiver's oath, and

  b. File a bond required by 28 U.S.C Section 754 and LR 232(i) and 151 in the amount of $25,000.00.

3. After qualifying, the Receiver is empowered and shall, in his sole and best judgment:

  a. Take all action he deems necessary with respect to the marketing and sale of the Receivership Estate for consideration reflecting the current fair market value of the Receivership Estate in its as is condition, as determined by the Receiver and any certified appraisers he retains in the discharge of his duties, including the power to accept purchase offers on behalf of the Trinity Fresh Entities and direct sales proceeds as per below;

  b. Sell the Receivership Estate in its present physical ("as is") condition as of the date of acceptance, with any property, debris, or other items present, and not included in the sale, shall be sold, removed, or otherwise disposed of by, and at the sole expense of the buyer;

  c. Employ servants, agents, employees, clerks and accountants, to rent vehicles and equipment, to procure transportation and lodging, to purchase materials, supplies and services, and to pay for same at ordinary and usual rates and prices, as deemed necessary and appropriate in Receiver's discretion for operation of the receivership, provided that hiring of any professional shall be subject to the provisions of LR. 232(g).

  d. Pay any obligations relating to the Receivership Estate that arose prior to the Receiver's appointment to properly market the property and/or preserve Receivership Estate in its present physical "as is" condition

pending sale, including payment of perfected liens and encumbrances of lessors and secured creditors senior to the PACA Trust, as determined by court order or by agreement of the Plaintiffs, and payment of storage fees imposed by the Landlord;

  e. Do any acts to preserve the value or marketability of the Receivership Estate;

  f. Maintain the rights, privileges and property of the Receivership Estate and to do all things and to incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar properties and enterprises, and that no such risk or obligation so incurred shall be the personal risk or obligation of said Receiver but shall be a risk or obligation of the Receivership Estate. Without limiting the generality of the foregoing, the Receiver shall have the exclusive right to exercise all powers, privileges, and rights with respect to any interests, licenses, permits, authorizations, and the like constituting or comprising the Receivership Estate.

 4. The U.S. Marshal or Sheriff's Department, in Sacramento County, State of California, are directed and ordered to assist the Receiver in every capacity in which said assistance may be required to enable said Receiver to take and safely keep possession and control of the Receivership Estate.

 5. The Receiver shall be paid on an hourly basis in the amount of $400.00 per hour for his services as receiver, and $100.00 per hour for travel time ($500.00 flat rate round trip charge between Northern and Southern California offices). Receiver and Receiver's agents and employees shall be reimbursed at the rate of $0.75 per mile for use of their personal vehicles. All of the aforementioned fees and expenses, herein and in ¶ 3 above, shall be paid out of funds

that shall come into possession of the Receiver and shall constitute a first charge against the property and funds in the Receivership Estate.

6. Plaintiffs shall deposit $10,000.00 with the Receiver within 10 days of service of this order, of which amount $2,000.00 shall be paid to Receiver as a one-time startup fee, with the balance held by Receiver to be applied toward fees and expenses.

7. The Receiver shall issue periodic interim accounting and reports regarding the receivership, and serve those reports on all parties to the action entitled to notice. The Receiver's interim accounting and reports may be prepared as deemed necessary and appropriate in Receiver's discretion. Upon service of Receiver's interim report, Receiver may pay the amount of fees and expenses claimed in the report from funds of the receivership estate in his possession. Amounts not paid within 10 days of service of any interim report shall bear interest at the rate of 1.5% per month from the date of the report. Any objections not timely made in accordance with California Rule of Court 3.1183 shall be deemed waived.

8. Receiver may borrow money or establish lines of credit as necessary for operation of the Receivership Estate and payment of Receiver's interim fees and expenses. Receiver may incur interest on borrowed funds at market rate and may issue receiver's certificates securing payment of same without further order of this court. The receiver's certificates shall constitute a super-priority lien in favor of the lender against the property and funds in the Receivership Estate.

9. Receiver is authorized and directed to establish a bank account for the receivership pursuant to California Code of Civil Procedure § 569. Upon sale of the Receivership Estate, the Receiver shall apply to the Court for discharge, including final approval of Receiver's claimed fees and expenses, and upon receiving such order of discharge from the Court, deposit the net proceeds of the Receivership Estate, after subtracting any

outstanding fees or expenses, with this Court pursuant to LR 232(h) and 150. No distributions or withdrawals may be made from the Court's Registry, except by further order of this Court.

10. Plaintiffs hereby agree that any sale of the Receivership Estate by the Receiver pursuant to this Stipulation and Order will be free and clear of any liens, encumbrances, or security interest asserted by or on behalf of the PACA trust claims asserted by Plaintiffs, and that following sale of the Receivership Estate and transfer of the net proceeds in this Court's registry. Plaintiffs reserve the right to assert that the net proceeds from the sale of the Receivership Estate, including any machinery, equipment, furniture, fixtures, leasehold improvements, vehicles, leases, and real property and other assets, are subject to the PACA trust available for distribution to Plaintiffs and other qualified PACA trust beneficiaries.

11. The Receiver and the Parties to this case may, at any time, apply to this Court for further or other instructions or orders and for further or other powers as are necessary to enable the Receiver to perform his duties properly.

IT IS SO ORDERED.

DATED: 2/20/2019                    /s/ John A. Mendez_____
                                    HON. JOHN A. MENDEZ
                                    U.S. DISTRICT COURT JUDGE