
FILED
FEB 28 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GREENGATE FRESH, LLLP, an Arizona limited liability limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>TRINITY FRESH PROCUREMENT, LLC, a California limited liability company; PAUL ABESS, individually; and TRINITY FRESH MANAGEMENT, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. 2:18-cv-03161-JAM-EFB<br><br>**AMENDED PRELIMINARY INJUNCTION ORDER, ESTABLISHING PACA CLAIMS PROCEDURE, AND ALLOWING EXPEDITED DISCOVERY** |
| SUNTERRA PRODUCE TRADERS, INC., a California corporation; 1ST QUALITY PRODUCE, INC., a California corporation; PETERSON FARMS, INC., a Michigan corporation; COASTAL PACIFIC SALES, LLC, a Washington limited liability company; and FROERER FARMS, INC., an Oregon corporation, D/B/A OWYHEE PRODUCE,<br><br>Intervening Plaintiffs,<br><br>vs.<br><br>TRINITY FRESH DISTRIBUTION, LLC, | |

1

AMENDED PRELIMINARY INJUNCTION ORDER

| | |
|---|---|
| 1 | California limited liability company; TRINITY FRESH MANAGEMENT, LLC, California limited liability company; TRINITY FRESH PROCUREMENT, LLC, California limited liability company; and PAUL P. ABESS, an individual, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Defendants. |
| 6 | FRESHPOINT DENVER, INC., a Colorado corporation, and RUBY ROBINSON COMPANY, LLC, an Illinois limited liability company |
| 7 | |
| 8 | |
| 9 | Consolidated Plaintiffs, |
| 10 | v. |
| 11 | TRINITY FRESH DISTRIBUTION, LLC, California limited liability company; TRINITY FRESH MANAGEMENT, LLC, California limited liability company; TRINITY FRESH PROCUREMENT, LLC, California limited liability company; and PAUL P. ABESS, an individual, |
| 12 | |
| 13 | |
| 14 | |
| 15 | Consolidated Defendants. |

17  THIS MATTER, having come before the Court on the Joint Motion of Plaintiff GreenGate
18  Fresh, LLLP ("GreenGate"), Intervening Plaintiffs Sunterra Produce Traders, Inc., 1st Quality
19  Produce, Inc., Peterson Farms, Inc., Coastal Pacific Sales, LLC, and Froerer Farms, Inc. d/b/a
20  Owyhee Produce (collectively "Intervening Plaintiffs"), and Consolidated Plaintiffs FreshPoint
21  Denver, Inc. and Ruby Robinson Co., LLC (the "FreshPoint Group," GreenGate, Intervening
22  Plaintiffs and the FreshPoint Group are, together, the "Movants" or "PACA Trust Beneficiaries").
23  Movants are creditors and beneficiaries under the trust provisions of the Perishable Agricultural
24  Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(2) (the "PACA Trust Claims") against the PACA

28  2

AMENDED PRELIMINARY INJUNCTION ORDER

Trust Assets[1] of Trinity Fresh Distribution, LLC ("Trinity Distribution"), Trinity Fresh Management, LLC ("Trinity Management"), and Trinity Fresh Procurement, LLC ("Trinity Procurement") (collectively "Trinity Entities"). The Movants seek (1) an Amended Preliminary Injunction against Defendants; (2) an Order Establishing a PACA Claims Procedure to collect, preserve and distribute "PACA Trust Assets"; and (3) an Order allowing for expedited discovery ("Joint Motion")[ECF No. 27].

Defendants have not filed oppositions, timely or otherwise, as required by Local Rule 230(c) to the Joint Motion.

On February 20, 2019, this Court entered an Order Granting Stipulation to Appoint Receiver ("Receivership Order") [ECF No. 40]. The Receivership Order appointed Patrick Bulmer of California Receivership Services (the "Receiver") for the limited purpose of selling the furniture, fixtures, equipment, personal property and vehicles (the "Receivership Estate") of the owners of record Trinity Entities. The Receiver shall deposit all net sales proceeds of the Receivership Estate, with the Court's Registry pursuant to Local Rules 232(h) and 150.

The Receiver has not been charged with collecting the accounts receivables of the Trinity Entities. Those accounts receivables are, by statute, PACA Trust Assets. 7 U.S.C. § 499e(c)(2).

On February 26, 2019, this Court entered a minute order consolidating the *FreshPoint Denver, Inc., et al. v. Trinity Fresh Distribution, LLC, et al.*, assigned case number 2:18-cv-03183-JAM-EFB (the "FreshPoint Action") with the instant action. [ECF No. 42].

The Court finds that it is reasonable and necessary to provide a procedural framework to collect, recover, preserve and distribute PACA Trust Assets to Movants and possibly other claimants having *bona fide* claims arising under the PACA trust provisions, 7 U.S.C. § 499e(c)(2) (the "PACA Trust Claims") against the PACA Trust Assets of the Trinity Entities, in order to

---

[1] "PACA Trust Assets" include, without limitation, perishable agricultural commodities received by the Trinity Entities in all transactions, all inventories of food or other products derived from such perishable agricultural commodities, all receivables or proceeds from the sale of such commodities and food or products derived therefrom and assets commingled with, purchased with or otherwise acquired with such proceeds.

3

AMENDED PRELIMINARY INJUNCTION ORDER

maximize the recovery for all unpaid beneficiaries of the PACA trust. This procedural framework will also prevent loss or diversion of PACA Trust Assets, minimize administrative costs, identify third-party transferees of PACA Trust Assets, and minimize further litigation. Based on the foregoing,

**IT IS HEREBY ORDERED,**

1. Movants' Joint Motion for (1) an Amended Preliminary Injunction against Defendants; (2) an Order Establishing a PACA Claims Procedure to Collect and Preserve PACA Trust Assets; and (3) an Order allowing for expedited discovery is hereby **GRANTED** under the terms set forth below.

## PRELIMINARY INJUNCTION

2. This Court exercises exclusive jurisdiction over the *res* comprising the Defendants' PACA Trust Assets.

3. Pursuant to FRCP 65, this Order is binding upon the Trinity Entities, their officers, shareholders, directors, employees, agents, banks, factors, lenders, assignees, consultants, advisors, attorneys, and persons acting in concert with them (including Paul P. Abess), and all other persons or entities receiving actual notice of the entry of this Order (the "Enjoined Parties").

4. Actual notice includes, receipt of a copy of this Order by personal service, U.S. mail, fax, email or overnight courier, which service is good and sufficient.

5. Notwithstanding the Receivership Order, the Enjoined Parties are restrained and prohibited from engaging in, committing, directly or indirectly, any or all of the following acts or activities, except stated in this Order:

    (A) removing, withdrawing, transferring, concealing, paying, encumbering, assigning, or selling to any other person or entity, the proceeds (including cash and accounts receivable) from any Produce sales, including any products derived therefrom, disposing of, destroying, and/or altering the

books and business records and computer system including servers of the Trinity Entities, and

(B) removing, withdrawing, transferring, concealing, paying, encumbering, assigning, or selling or otherwise dissipating the PACA Trust Assets of the Trinity Entities and other property which was acquired or maintained with the use of PACA Trust Assets, pending future determination by the Court as to the present nature, location, and value of PACA Trust Assets.

6. Within five (5) business days of the date of entry of this Order, Defendants are ordered to disclose to counsel for Intervening Plaintiffs, June Monroe, Esq., of the Law Firm of Rynn & Janowsky, LLP ("Administrative Counsel") all financial institutions, lenders, and factors with which the Trinity Entities have done any business in the prior two (2) years, or that may be holding any assets for or on behalf of Defendants (the "Financial Disclosure"). The Financial Disclosure shall, where available, include the contact names, addresses, and any pertinent account numbers and copies of all account statements issued by such financial institutions, lenders, and factors for that same 2 year period.

7. No later than five (5) business days after receipt of the Financial Disclosure, Administrative Counsel shall serve this Order by personal service, U.S. Mail, overnight delivery, email, or facsimile to all entities identified in the Financial Disclosure, which shall constitute good service hereof.

8. The Trinity Entities and any of their banking institutions, lenders, and factors including without limitation, Central Valley Community Bank, are directed not to pay, setoff, withdraw, transfer, assign, encumber or sell any and all existing PACA Trust Assets or otherwise dispose of any corporate assets to any creditors, persons, or entities except as authorized by this Order, as set forth in paragraphs 14 and 17 through 20, or until otherwise directed by further order of this Court.

9. Any banking institution, lender, or factor, that pays itself fees or other charges from PACA Trust Assets, without further order of this Court, is in violation of this Order and

subject to disgorgement claims of PACA Trust Beneficiaries. The PACA Trust Beneficiaries reserve all rights with respect to any requests for disgorgement.

10. Considering the Motion is uncontested by Defendants, the remedial nature of PACA, and in recognition of the fact that Defendants are currently in possession of the PACA Trust Assets, the Court finds good cause to set the bond in this matter at $0.00.

## ESTABLISHMENT OF PACA TRUST ACCOUNT

11. Unless otherwise traced by Defendants, the Produce sales proceeds were commingled with other sales proceeds before the entry of this Order and were on deposit in the banking accounts of the Trinity Entities, including but not limited to accounts with Central Valley Community Bank (including accounts ending in 7547) (collectively "Operating Accounts"), and are subject to claims of PACA Trust Beneficiaries, as being PACA Trust Assets.

12. For purposes of segregation and tracing, Defendants, and their agents, attorneys, and any parties acting in concert with them or on their behalf, shall deposit and account for all sales proceeds attributed to the Produce into the PACA Trust Account for all sales after entry of this Order.

13. Administrative Counsel shall immediately establish a separate interest bearing FBO account under a federal tax ID number of one of Defendants' names as provided by them, under the name of "Trinity Fresh PACA Trust Account" ("PACA Trust Account").

14. No later than five (5) business days after the date of this Order, Defendants shall immediately transfer or cause to be transferred all funds of the Trinity Entities in their possession, custody or control to Administrative Counsel, for deposit into the PACA Trust Account. Administrative Counsel shall continue depositing all PACA Trust Assets recovered, or otherwise required to be deposited under this Order, into the PACA Trust Account for the benefit of PACA Trust Beneficiaries. Any and all funds of the Trinity Entities on deposit at banking or financial institutions, including but not limited to the Operating Accounts, shall be transferred to and deposited into the PACA Trust Account.

15. No distributions or withdrawals may be made from the PACA Trust Account, except as set out in this Order, including the Administrative Costs, or by further order of this Court. The PACA Trust Account is for the benefit of all of Defendants' PACA Trust Beneficiaries and is not subject to execution by any other creditor of Defendants.

16. Any and all interest which accrues on the funds in the PACA Trust Account, or which has accrued on any PACA Trust Assets on deposit in any other account prior to being transferred to the PACA Trust Account as set forth herein, from the date the account was opened to the date of distribution, shall follow the funds into the hands of the parties ultimately deemed by a court of competent jurisdiction to be entitled to such funds.

**PERMITTED AND NON-PERMITTED USE OF PACA TRUST ASSETS**

17. For the purposes of this Order, the Court finds that there is insufficient cash or other assets from non-PACA trust sources, to the extent such non-PACA trust assets are determined to exist, to finance either the administration of the PACA trust or the marshalling and collection of the Defendants' assets for deposit into the PACA Trust Account.

18. The Court further finds that, to the extent the Receivership Estate includes any non-PACA trust assets determined by the Court to be encumbered by validly perfected and senior UCC liens, such assets would be unavailable to administer the PACA trust or otherwise be deposited into the Court Registry or the PACA Trust Account for the benefit of the PACA Trust Beneficiaries. Accordingly, the Court further finds that it is necessary that PACA Trust Assets be utilized in order to enable the administration and collection of the Trinity Entities' assets. Any secured creditor asserting a perfected and senior security interest in the Receivership Estate or the PACA Trust Assets, must intervene in this action. The priority of claims to such proceeds shall be determined by the Court according to the procedures set forth herein.

19. Trinity Fresh Trucking, LLC ("Trinity Trucking"), is a related entity to the Trinity Entities and not a party to this action. Trinity Trucking may continue to operate in its normal course of business. However, Trinity Trucking is also part of the Enjoined Parties.

20. Movants acknowledge that their interests are best served if some expenditures from the common fund are used for marshalling and maximizing PACA Trust Assets

### COLLECTION AND LIQUIDATION OF THE ASSETS

21. Administrative Counsel is hereby authorized to identify and collect the accounts receivable of the Trinity Entities and preserve funds so collected for the benefit of all PACA trust creditors of Defendants, as their respective interests may appear, by depositing them in the PACA Trust Account. Administrative Counsel is hereby authorized to take all reasonable and necessary means to secure and preserve the assets of the Trinity Entities for the benefit of the PACA Trust Beneficiaries..

22. The Receivership Order remains in full force and effect.

### COMPENSATION OF ADMINISTRATIVE COUNSEL FOR SERVICES AND EXPENSES

23. All PACA Trust Beneficiaries share the burden of the costs and expenses incurred by Administrative Counsel in administering the collection of the Trinity Defendants' assets and the PACA Claims Procedure. Administrative Counsel shall serve via fax or e-mail the attorneys of record for the PACA Trust Beneficiaries with its proposed fees and costs that benefitted the PACA Trust Beneficiaries ("Administrative Costs") on a monthly basis. If no written objections are made no later than five (5) business days after the date of notification, Administrative Counsel is authorized to withdraw monies from the PACA Trust Account to pay the Administrative Costs. In the event an objection to payment is made and cannot be resolved by the parties, the objecting party shall, no later than ten (10) business days after the date of its objection, submit the dispute by motion to the Court. If the dispute is not submitted to the Court within this time frame, the objection is deemed to be withdrawn, and Administrative Counsel is authorized to withdraw monies to pay the Administrative Costs.

### CLAIMS PROCEDURE

24. Except as stated in this Order, all persons or entities having unsatisfied claims against the Trinity Entities arising under or relating to the PACA trust for unpaid Produce sales

8

to the Trinity Entities have the right to seek a recovery of such claims only in this action by following the procedure established in this Order. Nothing in this Order serves as a bar or stay of any other litigation against the Trinity Entities in other courts of competent jurisdictions that do not involve rights or claims with respect to the *res* of the PACA trust of the Trinity Entities and do not involve claims for restoration or liability for dissipation of such trust, all such actions being stayed by this Order.

25. The efficient administration of justice requires parties that claim to be PACA Trust Beneficiaries, have rights to the assets of the Trinity Entities, or whose interests may be affected by this Order or by the results of this action, to intervene in this matter under Federal Rule of Civil Procedure 24(a).[2]

26. This intervention requires such persons to assert their rights in this action by an established bar date in order to determine the relative rights of such persons or entities in the Trinity Entities' assets, close the class of potential PACA Trust Beneficiaries, to prove their claims, share in any distribution of PACA Trust Assets recovered, avoid duplicate actions and determine the amount of liability of each Defendant.

27. To effectuate service of this Order on the Trinity Entities' creditors, the Trinity Entities shall provide a detailed list of all outstanding accounts receivable, accounts payable, and all other assets held in the Trinity Entities' names to Administrative Counsel and the PACA Notice Counsel no later than five (5) business days after the date of this Order. The listing for Trinity Entities' accounts payable and accounts receivable must include the following information: mailing address; telephone number; the primary contact persons for each company; and the amounts due or owed, as applicable.

28. No later than the deadline for "Counsel to Issue Notice of Deadlines," in paragraph 29, Administrative Counsel shall file and serve a written notice (the "Notice"), in a form substantially similar to the notice attached as **Exhibit 1**, to all suppliers and creditors of

---

[2] Unless they add new parties or new claims, Plaintiffs whose cases have been consolidated with the instant matter and Movants in the instant matter need not file Complaints in Intervention.

9

AMENDED PRELIMINARY INJUNCTION ORDER

the Trinity Entities, who have not appeared in these actions, of the deadlines stated in this Order. Administrative Counsel shall promptly file a proof of service of the Notice. Such written notice must attach a copy of this Order and a PACA Proof of Claim form ("PACA Proof of Claim"), in a form substantially similar to the form attached as **Exhibit 2,** for the convenience of the recipient, and must be sent via certified mail, return receipt requested or equally verifiable means, such as Federal Express or other overnight delivery service, to prove delivery upon the recipient.

29. The Notice shall be structured on the following schedule:

| | | |
|---|---|---|
| a. | **Counsel to Issue Notice of Preliminary Injunction and Interim PACA Claims Procedure Order** | **March 20, 2019** |
| b. | **Deadline to Intervene in this Action** | **April 22, 2019** |
| c. | **Deadline to File PACA Proof of Claim** | **April 22, 2019** |
| d. | **Deadline to File Objections to PACA Claims** | **May 13, 2019** |
| e. | **Deadline to File Responses to Claims Objections** | **May 27, 2019** |
| f. | **Deadline to File Motion for Ruling on Objections** | **June 3, 2019** |
| g. | **Deadline to File and Serve PACA Trust Chart and Notice of First Interim Distribution** | **June 17, 2019** |
| h. | **Deadline to File Objections to PACA Trust Chart and First Interim Distribution** | **June 24, 2019** |
| i. | **Deadline to File Motion to Resolve Objections to PACA Trust Chart and to Approve First Interim Distribution** | **July 1, 2019** |
| j. | **Anticipated Interim Distribution Deadline** | **July 8, 2019** |

30. Each creditor of Defendants holding a claim and alleging rights under the PACA trust, shall file with the Clerk of the Court for this District, and serve on Administrative Counsel and the PACA Notice Counsel, on or before the Proof of Claim deadline, a PACA Proof of Claim in the form attached as **Exhibit 2**, together with any and all documents supporting its claim, and a Complaint in Intervention, which complies with Federal Rule of Civil Procedure 8(a). For purposes of complying with the requirements of this paragraph, Amended Complaints and Complaints in Intervention may be filed based upon this Order and without the need to file any other motion for leave to file the Amended Complaint or the Complaint in Intervention.

31. Regardless of how many Complaints, Amended Complaints, or Complaints in Intervention are filed, Defendants may file an omnibus answer to all Complaints on or before May 13, 2019. Defenses against specific claims shall be adjudicated through the claims procedure outlined herein.

32. Each claimant shall also serve a copy of its Complaint and PACA Proof of Claim upon the following persons ("PACA Notice Counsel"):

| For the Plaintiff GreenGate Fresh, LLLP: | For Intervening Plaintiff Sunterra Produce Traders, Inc., et al.: |
|---|---|
| Lawrence H. Meuers<br>Steve De Falco<br>Meuers Law Firm, P.L.<br>5395 Park Central Court<br>Naples, FL 34109 | June Monroe<br>RYNN & JANOWSKY, LLP<br>4100 Newport Place Dr., Suite 700<br>Newport Beach, CA 92660 |

For Consolidated Plaintiffs FreshPoint Denver, Inc., et al.:

Kate Ellis
McCARRON & DIESS
4530 Wisconsin Avenue N.W., Suite 301
Washington, DC 20016

33. Except for good cause and the absence of substantial prejudice to the non-moving parties shown, **any supplier or creditor served with this Order and the notice and who fails to timely file both a PACA Proof of Claim and Complaint in Intervention with the Court shall be barred** from thereafter asserting any trust claim under PACA against the

Defendants, the PACA Trust Assets, the Receivership Estate, other PACA Trust Beneficiaries, or third parties. While claimants may be represented by counsel of their choice in this matter, all Proofs of Claims shall be verified by either the owners or the authorized officers of the respective claimants having personal knowledge of the facts comprising such claims.

34. **Any person not asserting a PACA trust claim, but wishing to challenge the scope, validity, priority or application of the PACA trust in this action must file and serve a Complaint in Intervention, only, in the manner set forth in paragraphs 30, and 32, *supra*, and subject to the deadlines set forth in paragraph 29, *supra*. Any individual or entity who does not comply with this paragraph shall be forever barred from challenging the scope, validity, priority or application of the PACA trust in this matter, including but not limited to the validity of a PACA trust claim or whether Defendants' assets are subject to the trust provisions of PACA, whether in this Court or any other forum.** For purposes of complying with the requirements of this paragraph, Amended Complaints and Complaints in Intervention may be filed based upon this Order and without the need to file any other motion for leave to file the Amended Complaint or the Complaint in Intervention. In addition, Amended Complaints and Complaints in Intervention may add additional party defendants who are in control or possession of PACA Trust Assets or who otherwise dissipated PACA Trust Assets. Service of any Amended Complaints and Complaints in Interventions may be served on the Trinity Entities by U.S. Mail to the Trinity Entities last known address and on Mr. Abess by U.S. Mail to his counsel of record. Proofs of service on PACA Notice Counsel and Defendants must be filed with this Court.

35. By asserting a Complaint in this matter, the claimant acknowledges, agrees, and consents to the following: (1) that it voluntarily subjects itself to the jurisdiction of this Court for all purposes relating to the claims against Defendants; (2) that it has read and understands this Order; (3) that by submitting a claim, it consents to the terms and agrees to be bound by this Order; (4) that the PACA Claims Procedure involves the collection of PACA Trust Assets for the common benefit of all PACA Trust Beneficiaries under the common fund; (5) that

12
AMENDED PRELIMINARY INJUNCTION ORDER

Administrative Costs will be paid, subject to the procedures and limitations stated in this Order, with the possible consequence that those payments may be made before PACA Trust Beneficiaries are paid in full; and (6) waiver of any potential rights to object to the Administrative Costs except as expressly provided in paragraph 23.

36. Documents that a potential PACA trust beneficiary does not timely file and serve along with its PACA Proof of Claim will be inadmissible as to such beneficiary at any evidentiary proceeding regarding the validity of its claim. This requirement does not apply to documents relied upon by the beneficiary to rebut a PACA claim objection.

37. Any objections to any PACA claims must be filed with the Clerk of the Court and served on the party against which the objection is raised, or its counsel. Any and all such objections must be filed and served on or before the "Deadline to File Objections to PACA Claims." The objection must set forth in detail all legal and factual grounds in support of the objection.

38. On or before the "Deadline to File Responses to Claims Objections," any potential PACA Trust Beneficiary whose claim is subject to an objection may file with the Court a detailed response to any objection received. The response may include any rebuttal evidence that the responding party wishes the Court to consider. A claim, or any portion subject to an objection, will be disallowed if a valid objection is timely filed and the beneficiary fails to file a timely response.

39. The potential PACA Trust Beneficiary and the objecting party shall thereafter exercise best efforts to resolve any objections. If the potential PACA Trust Beneficiary and the objecting party are unable to resolve such dispute or the objection is not withdrawn, the parties shall submit such dispute to the Court for summary resolution, on or before the "Deadline to File Motion for Ruling on Objections."

40. Any PACA claim listed on a Proof of Claim to which no objection has been filed and served prior to the Objection Deadline, is deemed a valid PACA trust claim for the full amount stated in the PACA Proof of Claim. If a PACA claim is subject to a timely filed and

13
AMENDED PRELIMINARY INJUNCTION ORDER

served valid objection as to only a part of the claimed amount, the non-objected portion of the claim is deemed a valid PACA trust claim. Any PACA claim listed on a Proof of Claim to which an objection was timely filed but as to which an asserted PACA Trust Beneficiary fails to file a response on or before the Response Deadline, is disallowed to the extent of the timely-filed objection.

41. On or before the "Deadline to File and Serve PACA Trust Chart and Notice of First Interim Distribution" Administrative Counsel shall prepare, file with the Court, and serve upon all counsel of record, a chart listing each person or entity having properly and timely filed a PACA Proof of Claim, the amount of the claims and the disputed and undisputed portions of each claim to expedite the Court's resolution of the remaining disputed claims (the "PACA Trust Chart"). The PACA Trust Chart must also list the funds available for distribution on deposit at the time in the PACA Trust Account ("Available Funds"). In addition, the PACA Trust Chart must list the pro-rata distribution of the Available Funds to the undisputed and disputed claims, allowing for a reserve pending the overruling of timely objections. Further, the PACA Trust Chart must identify any reserve amount for Administrative Costs. The pro-rata portion of any claim subject to an objection shall be held in the PACA Trust Account until such time as the objection to the particular proposed distribution is resolved. Upon resolution of the objection, the reserve portion shall be used either to make the pro-rata distribution to the claim if the Claimant prevails or shall be made available for distribution to other valid claims, proportional to their valid amounts, if the objection is sustained.

42. At the time the PACA Trust Chart is filed, Administrative Counsel shall file and serve on all counsel of record who filed a PACA Proof of Claim, a report detailing all objections to claims and attaching thereto the PACA Proof of Claim subject to an objection, the objection to the claim, and the response to the objection ("*Report of Claims*"). On or before the "Deadline to File Objections to PACA Trust Chart and First Interim Distribution," any party in interest may file and serve on counsel of record an objection to the PACA Trust Chart and First

Interim Distribution. If no objections to the proposed treatment of a claim as listed on the PACA Trust Chart are filed, then all figures shall be conclusively determined.

43. The mere objection to the characterization of a claim as disputed or undisputed will not serve as a valid objection to the PACA Trust Chart or prevent distribution according to its terms.

44. Any timely objections to the PACA Trust Chart and First Interim Distribution shall be resolved between the parties or submitted to the Court on motion for ruling on or before the Deadline to File Motion to Resolve Objections to PACA Trust Chart and to Approve First Interim Distribution.

45. Absent timely, valid objections to the PACA Trust Chart and First Interim Distribution, Administrative Counsel shall disburse the Available Funds in the PACA Trust Account to the holders of valid PACA trust claims in accordance with, and as set forth in, the PACA Trust Chart on or before the Anticipated Interim Distribution Deadline. Administrative Counsel shall make the distributions payable to the client trust account of the PACA Trust Beneficiary's attorney of record. If any attorney represents more than one PACA Trust Beneficiary, the distribution may be made in one lump sum in the aggregate amount of all the attorney's clients' distributions. Each attorney has the duty to distribute the funds to their clients in accordance with the PACA Trust Chart.

46. If one or more valid objections to the PACA Trust Chart are timely filed, Administrative Counsel shall file both a Motion to Resolve Objections to PACA Trust Chart and to Approve First Interim Distribution on or before the Deadline to File Motion to Resolve Objections to PACA Trust Chart and First Interim Distribution. Administrative Counsel shall disburse the Available Funds in the PACA Trust Account to the holders of valid PACA trust claims in accordance with, and as set forth in, the Court's order authorizing distribution.

47. Administrative Counsel shall use the same procedure to make subsequent distributions. Administrative Counsel shall file and serve a PACA Trust Chart upon counsel of record. All parties have seven days after the date of service of the PACA Trust Chart to file and

serve timely, valid objections to the PACA Trust Chart. Absent timely, valid objections, Administrative Counsel is authorized to make the distribution stated in the PACA Trust Chart without Court Order.

## **EXPEDITED DISCOVERY**

48. In addition to the disclosure requirements stated in paragraphs 6 and 27, Defendants and their counsel, agents, or representatives shall have additional disclosure and discovery obligations in this section.

49. No later than five business days after entry of this Order, Defendants shall provide a detailed listing of all cash, checks, deposits or other monies in their possession, custody or control, outstanding accounts receivable, including credit transactions, accounts payable, current banking statements, and a detailed itemization of the assets and liabilities of the Trinity Entities to PACA Notice Counsel.

50. Defendants or other custodian of record, upon 48 hours' notice by Movants' counsel, shall provide Movants, or their agents, with access to Defendants' business books and records, including, without limitation, all invoices, credit memoranda, accounts-receivable ledgers, insurance policies, inventory lists, accounts-payable lists, customer lists, vendor invoices and access to Defendants' computers, computer software and related passwords.

51. No later than five days from their receipt of this Order, banking institution or other third party organization/entity holding funds for Defendants shall turn over to PACA Notice Counsel any statements for the prior 360 days, signature cards, and all other documents relating to or regarding Defendants' accounts, loans, factoring agreements, or lines of credit at such banking institutions or other entities no later than seven days after its receipt of this Order. Defendants shall assist in effectuating the turnover of these documents if required by the bank or third party, as reasonably necessary.

52. No later than five business days after the date of this Order, Defendants shall provide to PACA Notice Counsel a detailed listing of all cash, checks, deposits or other monies

16
AMENDED PRELIMINARY INJUNCTION ORDER

(collectively "Funds") in their possession, custody or control, including current banking statements of all bank accounts for Defendants.

53. The Parties agree that during the pendency of this action, and continuing thereafter, Movants and their counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, including those set forth in paragraphs 49 through 52, above, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order. Defendants shall, upon 48 hours' notice by Movants' counsel, allow inspection and copying of the books and records of said Defendants by Movants or their representatives at Defendants' places of business.

54. Movants shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours' notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books which Movants are entitled to inspect under this Order, the trust assets or any of Defendants' assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

55. Movants shall have leave to issue subpoenas to, among other things, identify third party transferees who are in possession or control of PACA Trust Assets and to determine the amount of PACA Trust Assets transferred.

## **ADMINISTRATION**

56. This Court will exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets and the PACA Trust Account established under this Order. The Court also hereby retains jurisdiction to enter further orders to enforce the terms of this PACA Claims Procedure.

57. Because PACA Trust Assets are being used to administer the trust, telephonic appearances of counsel are permitted for all non-evidentiary hearings without further leave or order of Court.

58. Since the initial disclosures and discovery are, in part, being provided for in this Order, the parties to this action are hereby exempted from and otherwise relieved of complying with Rule 26(a)(1) of the Federal Rules of Civil Procedure (the "*Federal Rules*"). The Parties are hereby further relived of complying with any condition precedent to their ability to issue subpoenas pursuant to Rule 45 of the Federal Rules.

59. Upon completion of this PACA claims procedure, the Court shall hold a Rule 16 Conference and thereafter enter a Case Management Order.

60. All pending actions by or on behalf of Movants against the Trinity Entities, Mr. Abess, the companies' officers or employees that arise under or relate to the trust provisions of PACA are hereby stayed and all subsequent actions by any unpaid seller of Produce under the trust provisions of PACA against the Trinity Entities and Mr. Abess are hereby stayed. However, Movants and other PACA trust claimants may adjudicate their PACA claims against Mr. Abess in bankruptcy court, if Mr. Abess files for bankruptcy protection.

///

///

//

61. Administrative Counsel shall have no responsibility or obligation to any person or entity with respect to the PACA Trust Assets, or the tasks to be performed hereunder, other than to comply in good faith with the terms of this Order and act in accordance with the law. Administrative Counsel may rely on and shall be protected in acting and/or refraining from acting on any statement, certificate, notice, request, consent, order or other documents (including the Trinity Entities' books) reasonably believed by them to be genuine and to have been signed or presented by the proper party or parties, or their counsel. Administrative Counsel shall have no duty or liability to verify any such statement, certificate, notice, request, consent, order or document. Except as specifically provided in this Order, Administrative Counsel shall be under no obligation to institute or defend any action, suit or proceeding in connection with the administration PACA Trust Assets or the instant PACA Claims Procedure.

IT IS SO ORDERED.

Dated: 2·28, 2019.

John A. Mendez,
United States District Judge