JUNE MONROE, State Bar No. 284763
R. JASON READ, State Bar No. 117561
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911

Attorneys for Intervening-Plaintiffs
SUNTERRA PRODUCE TRADERS, INC.,
1ST QUALITY PRODUCE, INC.,
PETERSON FARMS, INC.,
COASTAL PACIFIC SALES, LLC and
FROERER FARMS, INC. d/b/a OWYHEE PRODUCE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENGATE FRESH, LLLP, an Arizona limited liability limited partnership,<br><br>          Plaintiff,<br><br>   vs.<br><br>TRINITY FRESH PROCUREMENT, LLC, a California limited liability company; PAUL ABESS, individually; and TRINITY FRESH MANAGEMENT, LLC, a California limited liability company,<br><br>          Defendants. | CASE NO. 2:18-cv-03161-JAM-EFB<br><br>**MEMORANDUM OF POINTS AN AUTHORITIES IN SUPPORT OF JOINT MOTION FOR COURT ORDERS (1) TERMINATING THE RECEIVERSHIP; (2) ENFORCING THE LIABILITY OF BOND OF RECEIVER; (3) APPOINTING A REFEREE TO COMPLETE AUCTION OF VEHICLES**<br><br>DATE: July 16, 2019<br>TIME: 1:30 p.m.<br>COURTROOM: 6, 14th floor |
| SUNTERRA PRODUCE TRADERS, INC., a California corporation; 1ST QUALITY PRODUCE, INC., a California corporation; PETERSON FARMS FRESH, INC., a Michigan corporation; COASTAL PACIFIC SALES, LLC, a Washington limited liability company; and FROERER FARMS, INC., an Oregon corporation, D/B/A OWYHEE PRODUCE,<br><br>          Intervening Plaintiffs,<br><br>   vs. | |

1

| |
|---|
| TRINITY FRESH DISTRIBUTION, LLC, California limited liability company; TRINITY FRESH MANAGEMENT, LLC, California limited liability company; TRINITY FRESH PROCUREMENT, LLC, California limited liability company; and PAUL P. ABESS, an individual, <br><br> Defendants. |
| FRESHPOINT DENVER, INC. and RUBY ROBINSON COMPANY, LLC, <br><br> Consolidated Plaintiffs, <br><br> vs. <br><br> TRINITY FRESH DISTRIBUTION, LLC, et al. <br><br> Consolidated Defendants. |
| AND INTERVENING ACTIONS. |

Plaintiff GreenGate Fresh, LLLP ("GreenGate"), Intervening Plaintiffs Sunterra Produce Traders, Inc., 1st Quality Produce, Inc., Peterson Farms Fresh, Inc., Coastal Pacific Sales, LLC; and Froerer Farms, Inc. d/b/a Owyhee Produce (collectively "Intervening Plaintiffs") and Consolidated Plaintiffs FreshPoint Denver, Inc. and Ruby Robinson Co., LLC (the "FreshPoint Group," GreenGate, Intervening Plaintiffs and the FreshPoint Group are, together, the "Movants") submit the following points and authorities in support of their motion for court orders (1) terminating the receivership; (2) enforcing the liability of bond of receiver; and (3) appointing a referee to complete auction of the vehicles ("Motion").

The basis for this Motion is that, after his failure to respond to Administrative Counsel's inquiries, Movants have unfortunately learned that the Court appointed receiver, Patrick Bulmer, of California Receivership Services (the "Receiver"), died on or about May 2, 2019. The only

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700

2

remaining work of the receivership is to sell the vehicles of the receivership estate. The vehicles are currently in the possession of the Zeb Seidel, of Auction Exchange, Inc. dba Bar None Auction, ("Auctioneer"), who the Receiver entrusted with the vehicles to complete the vehicle auction sale. The vehicles are located at the Auctioneer's secured lot located at 4751 Power Inn Road, Sacramento CA 95826. The Auctioneer has knowledge and experience with conducting lien sales under California Civil Code § 3071. Therefore, the Movants seek court orders to terminate the receivership, enforce the liability of the bond of the receiver, and to appoint the Auctioneer as referee to complete the sale of the vehicles.

# I.

## BACKGROUND

On December 7, 2018, GreenGate commenced this action against Defendants, Trinity Procurement, LLC, Trinity Fresh Management, LLC, and Mr. Abess, seeking to enforce its rights under the trust provisions of Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5). On December 20, 2018, this Court granted GreenGate's motion for temporary restraining order to prevent dissipation of the PACA Trust Assets [Doc. No. 11]. On January 15, 2019, this Court issued the subsequent preliminary injunction [Doc. No. 22].

On December 10, 2018, FreshPoint Group commenced the action entitled *FreshPoint Denver, Inc., et al. v. Trinity Fresh Distribution, LLC, et al.*, assigned case number 2:18-cv-03183-JAM-EFB ("Related Action"), against Defendants to enforce their respective rights under the PACA trust provisions. On December 20, 2018, this Court granted FreshPoint Group's motion for temporary restraining order to prevent dissipation of the PACA Trust Assets [Related Action, Doc. No. 19]. On January 15, 2019, this Court issued the subsequent preliminary

3

injunction [Related Action, Doc. No. 22].  On February 26, 2019, by minute order, this Court consolidated the Related Action with the lead action.  [Doc. No. 43].

On January 14, 2019, this Court granted Intervening Plaintiffs' Stipulation for Intervention in this matter [Doc. No. 21].   Intervening Plaintiffs' Complaint in Intervention was filed on January 16, 2019 [Doc. No. 24], against Trinity Fresh Procurement, LLC, Trinity Fresh Distribution, LLC, and Trinity Fresh Management, LLC (collectively "Trinity Fresh") and Mr. Abess.

The Trinity Fresh entities have not appeared or otherwise defended this action.

Mr. Abess was the sole shareholder of the Trinity Fresh entities.  On April 15, 2019, he filed for bankruptcy protection under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* [Doc. No. 60]  The case is now pending in the United State Bankruptcy Court for the Eastern District of California, Sacramento Division, Case No. 19-22324-C-7.  This matter is stayed as to Mr. Abess.

Plaintiffs are statutory trust beneficiaries under PACA, 7 U.S.C. § 499e(c).  PACA establishes a statutory trust under which Defendants are trustees required to hold all produce, inventories of food or other products derived from produce, receivables or proceeds from the sale of produce and its products, and all inventories or assets purchased or maintained with the funds from a commingled account (collectively, the "PACA Trust Assets") in trust for the benefit of produce suppliers and sellers, such as Plaintiffs.  7 U.S.C. § 499e(c)(2).

This Court's PI Orders, at ¶ 4.a., prohibits Defendants, their agents, and persons acting in concert with them, among others, from "otherwise disposing of assets, books, or funds." [Doc. No. 22; (Related Action, Doc. No. 22]

On February 20, 2019, this Court entered an order for the appointment of the Receiver ("Receivership Order") [Doc. No. 40] appointing Patrick Bulmer of California Receivership

Services as the receiver, for the limited purpose to sell the FF&E, personal property and vehicles (the "Receivership Estate") of Trinity Fresh located on Trinity Fresh's former business premises located at 8200 Berry Avenue, Suites 130/140/150, Sacramento, CA 95828 (the "Premises").

Pursuant to the Receivership Order, Movants paid the Receiver a $10,000.00 retainer deposit. On February 26, 2019, the Receiver filed a $25,000.000 bond of receiver ("Receiver Bond"). [Doc. No. 45]

On or about February 28, 2019, the Amended Preliminary Injunction Order, Establishing PACA Claims Procedure, and Allowing Expedited Discovery ("PACA Claims Procedure") [Doc. No. 47] was entered, and later amended on March 6, 2019 [Doc. No. 54]. The PACA Claims Procedure set forth a process to permit the PACA trust beneficiaries to collect, marshal, and preserve the PACA Trust Assets against Trinity Fresh and established a process to validate PACA trust beneficiaries of Trinity Fresh. If motions are filed to resolve objections to claims or to the proposed interim distribution, the validation of PACA trust claims through the PACA Claim Procedure could be completed by the end of July 2019.

On March 26, 2019, this Court authorized sale of the FF&E with sales proceeds shared between the PACA trust creditors of Trinity Fresh and 8200 Berry Associates, LLC, the landlord. [Doc. No. 58]

On or about March 29, 2019, the Receiver took possession of eight vehicles and two van trailers and transferred possession to the Auctioneer for auctioning. The Auctioneer is currently awaiting instructions from the Receiver to auction the vehicles. (See, Declaration of Zeb Seidel filed simultaneously herewith.) All vehicles are empty except one trailer is filled with records of Trinity Fresh.

5

On or about March 29, 2019, the Receiver took possession of Trinity Fresh's computer server and transferred possession to Landtech, Trinity Fresh's previous contracted IT company. On or about April 8, 2019, Landtech sent Administrative Counsel a copy of Trinity Fresh's computer server by sending a duplicate of the data on an external hard drive. Administrative Counsel has determined the electronically stored data is a minuscule amount of records that can support collection of Trinity Fresh's receivables and to trace dissipation of PACA Trust Assets. To prevent spoliation of evidence and to collect the accounts receivables of Trinity Fresh, Administrative Counsel has retrieved relevant records in the trailer. All other records can be returned to the Defendants or disposed of by the Auctioneer or Lantech. The electronically stored data in the possession of Landtech can be returned to Defendants.

The Receiver last communicated with Administrative Counsel, June Monroe of Rynn & Janowsky, LLP, on April 11, 2019. (See, Declaration of June Monroe simultaneously filed with this Motion.) Despite six attempts to be reached by email and three attempts to be reached by telephone, the Receiver has not responded to inquiries from Ms. Monroe or Mr. Seidel. (Monroe Decl. ¶ 9; Seidel Decl. ¶ 8.) In a further effort to reach the Receiver by alternative means, it was discovered that the Receiver's known websites, californiareceiver.com, calreceiver.com, pacareceiver.com, freezeandseize.com, judgmentenforcementreeiver.com, and ocreceiver.com, all return a webpage that states "This Account has been suspended." (Monroe Decl. ¶ 10.)

On or about April 29, 2019, Administrative Counsel sent a letter to the Receiver, by email and U.S. Mail addressed to his post office box by regular and certified mail return receipt requested. The return receipt was signed for on May 8, 2019. The email and letter sent by regular mail have not been returned. (Monroe Decl. ¶ 11, Exh. B and C.)

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700

On or about May 23, 2019, Administrative Counsel learned that the Receiver died on or about May 2, 2019. (Monroe Decl. ¶ 13.)

To complete the sale of the vehicles, the Receiver was to follow the lien sale procedure set forth in California Civil Code § 3071, *et seq.*, by applying to the Department of Motor Vehicles for a sale and giving notice to title owners, interested parties and lien holders. It is unknown if the Receiver initiated this process. The Auctioneer has knowledge and experience in conducting lien sales under Civil Code § 3071, *et seq.* (See Seidel Decl. ¶ 3.) The Auctioneer is the natural and rational selection for referee to complete the vehicle lien sales.

## II.

## LEGAL ARGUMENT

**A. The Receivership Must Be Terminated Because the Receiver Has Died and the Remaining Work Can Be Performed by the Auctioneer.**

The Receiver was appointed for the limited purpose to sell the FF&E, personal property, and vehicles of Trinity Fresh. The FF&E were sold pursuant to the Court's order authorizing the sale on March 26, 2019. [Doc. No. 58] The vehicles are currently in the possession of the Auctioneer. Trinity Fresh's computer server is in the possession of Landtech with a copy to the Administrative Counsel. One trailer in the Auctioneer's possession contains the former business records of Trinity Fresh.

There is no further work under the Receivership that cannot be performed by other professionals. As discussed herein, the Auctioneer can carry out the lien sale of the vehicles. Landtech can return the server to Defendants. The tangible records stored in one of the trailers sitting in the Auctioneer lot can be returned Defendants after Administrative Counsel has taken relevant documents. Thereafter, the Auctioneer can release the remaining records to Defendants or dispose of them after providing Defendants 30 days written notice of their potential disposal.

Under the grave circumstances of the Receiver's death, the Receiver was unable to fully carry out his duties under the Receivership Order. Under paragraph 7 of the Receivership Order, the Receiver was to issue periodic interim accountings and reports regarding the receivership. The Receiver never issued a periodic interim accounting. As stated above, the Receiver has been unresponsive since April 11, 2019, despite several emails, telephone messages and letters.

For the foregoing reasons, Movants' have shown that the Receivership can be terminated and the Auctioneer can be appointed as referee to carry out the final auction sale of the vehicles.

### B. The PACA Trust Creditors Are Entitled to Enforcement of the Receiver Bond.

Federal Rules of Civil Procedure Rule 65.1, states:

> Whenever these rules … require or allow a party to give security, and security is given with one or more security providers, each provider submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the security. The security provider's liability may be enforced on motion without an independent action. The motion and any notice that the court orders may be served on the court clerk, who must promptly send a copy of each to every security provider whose address is known.

Movants have paid the Receiver $10,000.00 as a deposit toward payment of the services rendered by the Receiver. Movants have not received any periodic interim accounting from the Receiver. In addition, because of the Receiver's untimely death, the Receiver was not able to fully carry out his duties as a court appointed receiver to sell the subject vehicles. In fact, as stated below, the Auctioneer has incurred costs related to the vehicles and has not been paid to the Auctioneer.

Movants have been harmed in having to expend attorneys' fees and costs in bringing this motion and may have overpaid the Receiver for the value of his services rendered with the $10,000.00 deposit.

8

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700

**C. Extraordinary Circumstances Have Occurred Necessitating the Appointment of The Auctioneer as a Court Appointed Referee to Complete the Lien Sale of the Vehicles.**

The Constitution confers the power on Congress to vest in the courts the authority to appoint referees. Const. Art. 2, Sec. 2; Art. 1, Sec. 8. The practice of referring pending actions to a referee was held within the power of the federal courts. *Hecklers v. Fowler*, 69 U.S. 123 (1864). Historically, Courts in rote manner engage referees in the performance of special duties as they may arise in a case. Appointment of a referee to sell vehicles already in his care and possession is within the special duties set forth in the general powers of the courts.

As outlined in the Declaration of Zeb Seidel, the Auctioneer has knowledge and experience in conducting lien sales under California Civil Code § 3071. The Auctioneer estimates the entire process will take approximately 60 days after entry of the order approving this Motion. In addition to applying for the lien sale with the California Department of Motor Vehicles and obtaining clear title, the Auctioneer has and still needs to do repair work on the vehicles. The Auctioneer has already incurred the recovery asset fee of $65.00 per asset and rekeying of vehicles at $575.00 per vehicle, which the Receiver has not paid to the Auctioneer. The Auctioneer will also incur addition costs for conducting the lien sale such as DMV fees and possible costs related to smog certifications. The Auctioneer charges a 25% sale commission on the assets it sells. The Auctioneer estimates the net value of the vehicles, absent liens, is cumulatively $58,000.00 to $63,500.00. For that reason, the Auctioneer will deduct his fees and costs from the sales proceeds.

**III.**

**CONCLUSION**

For the foregoing reasons, Movants respectfully request that this Court grant this Motion

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700

and enter an order (1) terminating the receivership; (2) enforcing the liability of bond of receiver; and (3) appointing the Auctioneer as referee to complete auction of the vehicles.

Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED: May 29, 2019 /s/ June Monroe
June Monroe
RYNN & JANOWSKY, LLP
4100 Newport Place Dr., Suite 700
Newport Beach, CA 92660
Tel. 949.752.2911
Fax.949.752.0953

Attorneys for Intervening Plaintiffs Sunterra Produce Traders, Inc., et al.

MEUERS LAW FIRM, P.L.

DATED: May 29, 2019 /s/ Lawrence H. Meuers
Lawrence H. Meuers
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, FL 34109
Tel: 239.513.9191
Fax: 239.513.9677

Attorneys for Plaintiff Greengate Fresh, LLLP

DATED: May 29, 2019 /s/ Kate Ellis
Kate Ellis
McCARRON & DIESS
4530 Wisconsin Avenue N.W., Suite 301
Washington, DC 20016
Tel. 202.364.0400
Fax 202.364-2731
kellis@mccarronlaw.com
*Pro Hac Vice*

Attorneys for Consolidated Plaintiffs
FreshPoint Denver, Inc. et al.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700

GEORGESON AND BELARDINELLI

DATED: May 29, 2019  /s/ Russell Georgeson
C. Russell Georgeson
State Bar No. 53589
7060 North Fresno Street, Suite 250
Fresno, California 93720
Tel. 559.447.8800
Fax. 559.447.0747
crgdanelaw@sbcglobal.net

Attorneys for Consolidated Plaintiffs
FreshPoint Denver, Inc. et al.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served electronically to all parties on the above-captioned matter at the electronic address as disclosed with the Court, or by sending the same via U.S. Postal Service.

RYNN & JANOWSKY, LLP

DATED: May 29, 2019    /s/ June Monroe
June Monroe, Attorneys for Intervening Plaintiffs Sunterra Produce Traders, Inc., et al.

**Notice has been electronically mailed to:**

Alexander James Lewicki    alewicki@diemerwei.com

Jason Ryan Klinowski , PHV    jklinowski@wallacejordan.com, jvoight@wallacejordan.com

June T. Monroe    june@rjlaw.com, shelly@rjlaw.com

Kate Ellis , PHV    kellis@mccarronlaw.com

Kathryn Diemer    kdiemer@diemerwei.com, dsopko@diemerwei.com, ecfnotice@diemerwei.com

Lawrence H. Meuers    lmeuers@meuerslawfirm.com, lrogers@meuerslawfirm.com, sdefalco@meuerslawfirm.com

Michael James Fletcher    mfletcher@bakermanock.com, vkearney@bakermanock.com

Walter R. Dahl    wdahl@DahlLaw.net, choffman@dahllaw.net

**Notice has been sent by U.S. Mail**

Trinity Fresh Distribution, LLC
Trinity Fresh Procurement, LLC
Trinity Fresh Management, LLC
6835 Pera Drive
Rancho Murrieta, CA  95683

Administrator for:
Patrick Bulmer
California Receivership Services
P. O. Box 5128
Oroville, CA  95966

Zeb Seidel
Bar None Auction
4751 Power Inn Road, Suite A
Sacramento, CA 95826

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700