

FILED

JUL 08 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENGATE FRESH, LLLP, an Arizona limited liability limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>TRINITY FRESH PROCUREMENT, LLC, a California limited liability company; PAUL ABESS, individually; and TRINITY FRESH MANAGEMENT, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. 2:18-cv-03161-JAM-EFB<br><br>~~PROPOSED~~ ORDER GRANTING JOINT MOTION FOR COURT ORDERS (1) TERMINATING THE RECEIVERSHIP; (2) ENFORCING THE LIABILITY OF BOND OF RECEIVER; (3) APPOINTING A REFEREE TO COMPLETE AUCTION OF VEHICLES<br><br>DATE: July 16, 2019<br>TIME:  1:30 p.m.<br>COURTROOM: 6, 14th floor |
| SUNTERRA PRODUCE TRADERS, INC., a California corporation; 1ST QUALITY PRODUCE, INC., a California corporation; PETERSON FARMS FRESH, INC., a Michigan corporation; COASTAL PACIFIC SALES, LLC, a Washington limited liability company; and FROERER FARMS, INC., an Oregon corporation, D/B/A OWYHEE PRODUCE,<br><br>Intervening Plaintiffs,<br><br>vs. | |

1

| |
|---|
| TRINITY FRESH DISTRIBUTION, LLC, California limited liability company; TRINITY FRESH MANAGEMENT, LLC, California limited liability company; TRINITY FRESH PROCUREMENT, LLC, California limited liability company; and PAUL P. ABESS, an individual, <br><br> Defendants. |
| FRESHPOINT DENVER, INC. and RUBY ROBINSON COMPANY, LLC, <br><br> Consolidated Plaintiffs, <br><br> vs. <br><br> TRINITY FRESH DISTRIBUTION, LLC, et al. <br><br> Consolidated Defendants. |
| AND INTERVENING ACTIONS. |

Having read and considered the joint motion of Plaintiff GreenGate Fresh, LLLP ("GreenGate"), Intervening Plaintiffs Sunterra Produce Traders, Inc., 1st Quality Produce, Inc., Peterson Farms Fresh, Inc., Coastal Pacific Sales, LLC; and Froerer Farms, Inc. d/b/a Owyhee Produce (collectively "Intervening Plaintiffs") and Consolidated Plaintiffs FreshPoint Denver, Inc. and Ruby Robinson Co., LLC (the "FreshPoint Group," GreenGate, Intervening Plaintiffs and the FreshPoint Group are, together, the "Movants") for court orders (1) terminating the receivership; (2) enforcing the liability of bond of receiver; and (3) appointing a referee to complete auction of the vehicles ("Motion"), and good cause appearing therefor,

IT IS HEREBY ORDERED that the Motion is granted in its entirety as follows:

1. Due to the untimely death of the Court appointed receiver, Patrick Bulmer, of California Receivership Services (the "Receiver"), the receivership is terminated.

2. Zeb Seidel, of Auction Exchange, Inc. dba Bar None Auction, who the Receiver previously entrusted with vehicles and trailers from the receivership estate ("Receivership Vehicles"), is appointed the Court's Referee for the limited purpose of conducting lien sales of the Receivership Vehicles under California Civil Code § 3071, *et seq*.

3. The Referee is entitled to deduct fees already incurred relating to the Receivership Vehicles, such as asset recovery fees of $65.00 per asset plus costs to re-key at least four vehicles at $575.00 per keying from the sale proceeds. The Referee is authorized to deduct costs related to the lien sale, such as DMV fees, from the sale proceeds.

4. After conferring with and as agreed to by Movants through Administrative Counsel[1], June Monroe, of the law firm of Rynn & Janowsky, LLP, the Referee is entitled to incur reasonable costs to repair the Receivership Vehicles, if the repairs are deemed prudent by the Movants and the Referee given the estimated fair market value of the Receivership Vehicles.

5. The Referee is authorized to deduct Bar None Auction's 25% commission off the sales price of the Receivership Vehicles.

6. The Referee is ordered to remit an accounting and net sales proceeds of the Receivership Vehicles to Administrative Counsel, who will deposit the funds into the Trinity Fresh PACA Trust Account.[2]

7. Defendant Trinity Fresh Procurement, LLC, Trinity Fresh Distribution, LLC, and Trinity Fresh Management, LLC's ("Trinity Fresh") former data server in the

---

[1] "Administrative Counsel" is identified and defined in paragraph 6 of Amended Preliminary Injunction Order, Establishing PACA Claims Procedure, and Allowing Expedited Discovery [Doc. No. 47].
[2] "Trinity Fresh PACA Trust Account" is defined in paragraph 13 of the Amended Preliminary Injunction Order, Establishing PACA Claims Procedure, and Allowing Expedited Discovery [Doc. No. 47].

possession of Lantech, shall be returned to Trinity Fresh. Lantech is authorized to contact Trinity Fresh to transfer possession of the data server to Trinity Fresh. Lantech is required to give 30 days notice to Trinity Fresh before disposing of data server.

8. After Administrative Counsel confirms to the Referee that Administrative Counsel has taken possession of records relevant to this action, the records contained in one of the trailers that is part of the Receivership Vehicles may be turned over to Trinity Fresh. The Referee is required to give 30 days notice to Trinity Fresh before disposing of any records.

9. The Bond of Receiver in the amount of $25,000.00 [Doc. No. 45] shall be fully enforced to recover Movants' losses including the initial $10,000.00 deposit to the Receiver and the attorneys' fees and cost incurred in bringing this motion.

10. Administrative Counsel shall serve a copy of this Order on the clerk of the court and Liberty Mutual Insurance Company.

11. Liberty Mutual Insurance Company shall immediately satisfy the full amount of the bond in payable funds to "Trinity Fresh PACA Trust Account" and remitting payment Administrative Counsel.

IT IS SO ORDERED.

DATED: July 8, 2019

HON. JOHN A. MENDEZ
JUDGE OF THE U.S. DISTRICT COURT

4