JUNE MONROE, State Bar No. 284763
R. JASON READ, State Bar No. 117561
RYNN & JANOWSKY, LLP
2603 Main Street, Suite 1250
Irvine, CA 92614
Telephone: (949) 752-2911

Attorneys for Intervening-Plaintiffs
SUNTERRA PRODUCE TRADERS, INC.,
1ST QUALITY PRODUCE, INC.,
PETERSON FARMS FRESH, INC.,
COASTAL PACIFIC SALES, LLC and
FROERER FARMS, INC. d/b/a OWYHEE PRODUCE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENGATE FRESH, LLLP,<br><br>    Plaintiff,<br>vs.<br><br>TRINITY FRESH PROCUREMENT, LLC, et al.<br><br>    Defendants. | **CASE NO: 2:18-cv-03161-JAM-EFB**<br><br>**STIPULATED ORDER DETERMINING THE VALIDITY OF PACA TRUST CLAIMS AND AUTHORIZING DISTRIBUTION OF PACA TRUST ASSETS** |
| SUNTERRA PRODUCE TRADERS, INC., et al.<br><br>    Intervening Plaintiffs,<br>vs.<br><br>TRINITY FRESH DISTRIBUTION, LLC, et al.,<br><br>    Defendants. | |

STIPULATED ORDER DETERMINING THE VALIDITY OF PACA TRUST CLAIMS AND         PAGE 1
AUTHORIZING DISTRIBUTION OF PACA TRUST ASSETS

|   |   |
|---|---|
| FRESHPOINT DENVER, INC. and RUBY ROBINSON COMPANY, LLC, | |
| Consolidated Plaintiffs, | |
| vs. | |
| TRINITY FRESH DISTRIBUTION, LLC, et al. | |
| Consolidated Defendants. | |
| PRODUCE PAY, INC. | |
| Intervenor Plaintiff, | |
| vs. | |
| TRINITY FRESH DISTRIBUTION, LLC, TRINITY FRESH MANAGEMENT, LLC, and TRINITY FRESH PROCUREMENT, LLC, | |
| Intervenor Defendants. | |
| AND OTHER INTERVENING ACTIONS | |

## I.

## THE PARTIES

The Parties to this Stipulated Order Determining the Validity of PACA[1] Trust Claims ("Stipulated Order") are: Plaintiff GreenGate Fresh, LLLP, Intervening Plaintiffs Sunterra Produce Traders, Inc., 1st Quality Produce, Inc., Peterson Farms Fresh, Inc., Coastal Pacific Sales, LLC; Froerer Farms, Inc. d/b/a Owyhee Produce (the "Sunterra Group"), Nor-Cal Produce, Inc., Ben E. Keith

---

[1] The Perishable Agricultural Commodities Act, 7 U.S.C. § 499e, *et seq.*

Company, and Fresh Innovations California, LLC (collectively "Intervening Plaintiffs"), Consolidated Plaintiffs FreshPoint Denver, Inc. and Ruby Robinson Co., LLC (the "FreshPoint Group" with GreenGate and Sunterra Group, and Intervening Plaintiffs are together "Plaintiffs"), and Intervenor Produce Pay, Inc. ("Produce Pay")  (Plaintiffs and Produce Pay are the "Parties").

The Parties submit this Stipulated Order to identify validly perfected PACA Trust Beneficiaries of the Defendants Trinity Fresh Distribution, LLC, Trinity Fresh Management, LLC, and Trinity Fresh Procurement, LLC (collectively "Trinity Fresh"), who are entitled to enforce PACA trust rights against Trinity Fresh, assets of Trinity Fresh, or third-party transferees of PACA Trust Assets (defined below).  This Court adopts the following recitals and stipulated facts as findings of facts and conclusions of law.

## II.
## RECITALS

i. The Amended Preliminary Injunction Order, Establishing PACA Claims Procedure, and Allowing Expedited Discovery ("Claims Order") [Doc. No. 47], as amended by further Stipulations and Orders [Doc. Nos. 48, 93/94, 103/104, 116/118, 123/124, 125/126, 131/132, 134/135, 137/138, 139/140, 142/143, and 147/148], at paragraphs 30, 32, and 33 required any creditor of Trinity Fresh holding a claim and alleging rights under the PACA trust as to Trinity Fresh, to file with the Clerk of the Court, and serve on the required notice counsel, the court approved PACA Proof of Claim form, together with any and all documents supporting its claim and a Complaint in Intervention, by April 22, 2019.

ii. This Stipulation streamlines the scheduling order contained in the Claims Order and the amendments thereto.  Specifically, this Stipulation incorporates the parties' obligations relating to the "Deadline to File Motion for Ruling on Objections," "Deadline to File and Serve PACA Trust Chart and Notice

of First Interim Distribution," "Deadline to File Objections to PACA Trust Chart and First Interim Distribution," "Deadline to File Motion to Resolve Objections to PACA Trust Chart and to Approve First Interim Distribution," and "Anticipated Interim Distribution Deadline."

  iii. Under the Claims Order at page 3, footnote 1, "PACA Trust Assets" "include, without limitation, perishable agricultural commodities received by the Trinity Entities [i.e. Trinity Fresh] in all transactions, all inventories of food or other products derived from such perishable agricultural commodities, all receivables or proceeds from the sale of such commodities and food or products derived therefrom and assets commingled with, purchased with or otherwise acquired with such proceeds."

  iv. Pursuant to paragraph 28 of the Claims Order, Administrative Counsel served notice of the Claims Order on the creditors of Trinity Fresh. A certificate of service was filed on March 21, 2019 [Doc. No. 56].

  v. Plaintiffs filed and served PACA Proofs of Claim. [*See*, GreenGate Fresh, LLLP, Doc. No. 70; Sunterra Group, Doc. Nos. 61-65; Nor-Cal Produce, Inc., Doc. No. 77; Ben E. Keith Company Doc. Nos. 72, 74; FreshPoint Group, Doc. Nos. 66-67; Fresh Innovations California, LLC Doc. No. 107]. Plaintiffs also filed and served complaints, consolidated complaints, or complaints in intervention. [*See*, GreenGate Fresh, LLLP, Doc. No. 1; Sunterra Group, Doc. Nos. 24; Nor-Cal Produce, Inc., Doc. No. 77; Ben E. Keith Company Doc. No. 71; FreshPoint Group, Doc. No. 1 (in the Consolidated Action); Fresh Innovations California, LLC Doc. No. 107].

  vi. Produce Pay filed a complaint in intervention seeking declaratory judgment that sums it received through its factoring transactions with Trinity Fresh are not PACA Trust Assets [Doc No. 76].

vii.  Certain Plaintiffs filed Answers to Produce Pay's complaint, asserting defenses to Produce Pay's requested relief.  *See*, GreenGate Fresh, LLLP's Answer [Doc. No. 81], Sunterra Group's Answer [Doc. No. 79], and FreshPoint Group's Answer [Doc. No. 80].

viii.  GreenGate Fresh, LLLP, Sunterra Group, and FreshPoint Group filed objections to Kettle Cuisine's claim, arguing that Kettle Cuisine is not eligible for PACA trust rights for the following reasons: (1) Kettle Cuisine sold to Trinity Fresh "sauce – bean spice," which is not a covered perishable agricultural commodity under the PACA; (2) Kettle Cuisine has not submitted evidence that it provided a sufficient and separate written notice of its intent to preserve its trust benefits within 30 calendar days of when payment was due as required by 7 U.S.C. §499e(c)(3) and 7 C.F.R. §46.46(f)(1) - (2); and (3) Kettle Cuisine has failed to comply with the PACA Claims Procedure Order.  [Doc. No. 78].

ix.  Produce Pay filed its Objection to Plaintiffs' claims and to any late filed claims on May 13, 2019 [Doc. No. 82].

x.  Plaintiffs filed their respective Responses to the Objections. [GreenGate Fresh, LLLP, Doc. No. 101; Sunterra Group, Doc. No. 100; Nor-Cal Produce, Inc., Doc. No. 84; Ben E. Keith Company Doc. No. 99; FreshPoint Group, Doc. No. 98; Fresh Innovations California, LLC, Doc. No. 117].

xi.  Trinity Fresh has not appeared or otherwise defended this action.

xii.  Paul Abess was the sole shareholder of the Trinity Fresh entities.  On April 15, 2019, he filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* [Doc. No. 60].  Pursuant to 11 U.S.C. § 362(a), all prosecution or continuation of the instant action, consolidated action and intervening actions has been stayed as to Mr. Abess [Doc. No. 60], and his discharge order was entered on August 6, 2019. GreenGate Fresh, LLLP and FreshPoint Group have pending adversary actions against Mr. Abess excepting to

his discharge, and those plaintiffs who originally included him as a defendant but did not file adversary complaints excepting to his discharge have dismissed Mr. Abess from this action.

xiii. Pursuant to paragraph 39 of the Claims Order, Plaintiffs and Produce Pay have resolved Produce Pay's objections to Plaintiffs' PACA Proofs of Claim, and submit this Stipulation for an order determining the validity and amounts of Plaintiffs' PACA Trust Claims and to streamline the scheduling of the Claims Order.

xiv. Plaintiffs and Produce Pay have also resolved all objections, defenses, or claims in opposition to Produce Pay's complaint in intervention for declaratory judgment [Doc. No. 76].

## II.

## STIPULATED FACTS

1. At all times herein, Plaintiffs and Trinity Fresh were engaged in the buying and/or selling of perishable agricultural commodities in interstate and/or foreign commerce in wholesale and jobbing quantities as defined by the PACA, 7 U.S.C. §499a(4), 7 C.F.R. § 46.2(m) and (x) as commission merchants or dealers subject to the PACA provisions and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

2. During the transactions subject to this action, the following Plaintiffs were licensed as dealers or commission merchants under the following PACA license numbers:

| Plaintiff | PACA License No. |
|---|---|
| 1st Quality Produce, Inc. | 20050358 |
| Ben E. Keith Company | 19087056 |
| Coastal Pacific Sales, LLC | 20110766 |
| Fresh Innovations California, LLC | 20090252 |
| FreshPoint Denver, Inc. | 19980737 |
| Froerer Farms, Inc. dba Owyhee | 20070320 |

| Produce | |
|---|---|
| GreenGate Fresh, LLLP | 20100442 |
| Nor-Cal Produce, Inc. | 19722178 |
| Peterson Farms Fresh, Inc. | 20080726 |
| Ruby Robinson Company, LLC | 19670951 |
| Sunterra Produce Traders, Inc. | 20010038 |

3. Plaintiffs sold and shipped perishable agricultural commodities to Trinity Fresh at Trinity Fresh's request, for which Plaintiffs invoiced a total cumulative principal amount of $3,584,857.10 for the purchased produce.

4. Trinity Fresh received and accepted all commodities sold by Plaintiffs as described at Paragraph 3, above.

5. Trinity Fresh failed to pay for the amounts due under Paragraph 3 that were owed to Plaintiffs, prompting the filing of this action, the amended complaint, and intervening complaints.

6. Plaintiffs have taken all steps necessary to properly preserve their PACA Trust rights under 7 U.S.C. §499e(c) with respect to the sales transactions described in Paragraph 3, above.

7. On or about February 28, 2019, this Court entered an Order approving the Claims Order [Doc. No. 47], enjoining dissipation of PACA Trust Assets and setting forth a procedure to validate PACA trust claims, to assert claims against PACA Trust Assets, and to distribute PACA Trust Assets to those claimants holding valid PACA claims.

8. Produce Pay withdraws its Objection, to Plaintiffs' claims and to any late filed claims, filed on May 13, 2019 [Doc. No. 82].

9. Plaintiff GreenGate Fresh, LLLP withdraws its Answer [Doc. No. 81], Sunterra Group withdraws their Answer [Doc. No. 79], and FreshPoint Group withdraws their Answer [Doc. No. 80].

10. Through the PACA Claims Procedure, Plaintiffs have established valid PACA trust claims in the following amounts:

| Plaintiffs/Valid PACA Beneficiary | Principal Amount | Interest | Attorney's Fees | Total PACA Claim | Pro-Rata % |
|---|---|---|---|---|---|
| 1st Quality Produce, Inc. | $161,656.50 | $6,348.71 | n/a | $168,005.21 | 4.13% |
| Ben E. Keith Company | $19,131.53 | $540.22 | n/a | $19,671.75 | 0.48% |
| Coastal Pacific Sales, LLC | $82,605.00 | $ 8,218.74 | $1,859.72 | $92,683.46 | 2.28% |
| Fresh Innovations California, LLC | $62,875.89 | $6,079.29 | $6,915.00 | $75,870.18 | 1.86% |
| FreshPoint Denver, Inc. | $340,023.19 | $33,559.80 | $40,118.32 | $413,701.31 | 10.16% |
| Froerer Farms, Inc. dba Owyhee Produce | $17,960.00 | $2,572.95 | $416.66 | $20,949.61 | 0.51% |
| GreenGate Fresh, LLLP | $540,979.90 | $50,268.70 | $33,184.65 | $624,433.25 | 15.34% |
| Nor-Cal Produce, Inc. | $73,460.07 | $4,809.55 | $ 5,022.95 | $83,292.57 | 2.05% |
| Peterson Farms Fresh, Inc. | $79,504.20 | $5,481.49 | $1,818.26 | $86,803.95 | 2.13% |
| Ruby Robinson Company, LLC | $264,131.50 | $ 21,771.78 | $30,674.74 | $316,578.02 | 7.78% |
| Sunterra Produce Traders, Inc. | $1,942,529.32 | $182,241.93 | $44,439.18 | $169,210.43 | 53.28% |
| **TOTAL PACA CLAIMS** | **$3,584,857.10** | **$321,893.16** | **$164,449.48** | **$4,071,199.74** | 100.00% |

11. The Total PACA Claim amounts are preserved under the PACA trust provisions as valid PACA Trust Claims pursuant to 7 U.S.C. §499e(c) *et seq.*

12. Administrative Counsel, June Monroe of the law firm Rynn & Janowsky, LLP, shall distribute PACA Trust Assets, including funds in the PACA Trust Account established by Paragraph 13 of the Claims Order, in the pro-rata percentages stated in Paragraph 10. Plaintiffs shall agree upon the aggregate amounts for interim and final distributions of PACA Trust Assets. If the Plaintiffs are unable to agree to the amount of withdrawal distributions, Administrative Counsel shall serve and file a noticed motion to resolve objections for distribution of the PACA Trust Account. Produce Pay agrees it will not object to the distribution of PACA Trust Assets.

13. Plaintiffs are valid PACA trust beneficiaries of Trinity Fresh in the amounts identified in Paragraph 10. As a result, all parties are collaterally estopped

from challenging the validity and amounts of Plaintiffs' PACA Trust Claims against Trinity Fresh.

14. Plaintiffs Coastal Pacific Sales, LLC, Fresh Innovations California, LLC, FreshPoint Denver, Inc., Froerer Farms, Inc. dba Owyhee Produce, GreenGate Fresh, LLLP, Nor-Cal Produce, Inc., Peterson Farms Fresh, Inc., Ruby Robinson Company, LLC, and Sunterra Produce Traders, Inc. are contractually entitled to attorneys' fees and those sums are part of their PACA trust claims as sums owing in connection with their respective produce transactions under 7 U.S.C. § 499e(c)(2).

15. Plaintiffs Coastal Pacific Sales, LLC, Fresh Innovations California, LLC, FreshPoint Denver, Inc., Froerer Farms, Inc. dba Owyhee Produce, GreenGate Fresh, LLLP, Nor-Cal Produce, Inc., Peterson Farms Fresh, Inc., Ruby Robinson Company, LLC, and Sunterra Produce Traders, Inc. had contractual provisions on their invoices or in separate written agreements with the Trinity Fresh providing for financing charges of 18% per annum for balances past due.

16. Plaintiffs 1st Quality Produce, Inc. and Ben E. Keith Company are entitled to 10% per annum prejudgment interest pursuant to Civil Code § 3289(b).

17. Plaintiffs are, by contract or by statute, entitled to pre- and post-judgment interest at the above rates and those sums are part of their PACA trust claims as sums owing in connection with the produce transaction under 7 U.S.C. § 499e(c)(2) as set forth in Paragraph 10.

18. This Stipulated Order is necessary to determine the validity of PACA Trust Claims and to establish the identity of PACA trust creditors entitled to enforce PACA trust rights against Trinity Fresh and third-party transferees of PACA Trust Assets.

19. During an extensive informal discovery process, Plaintiffs were able to review and examine the Factoring Agreement between Produce Pay and Trinity Fresh along with supporting documentation and sworn statements.

20. As such, Plaintiffs agree that Produce Pay is not a third-party transferee of PACA Trust Assets. Plaintiffs have agreed not to seek disgorgement from Produce Pay of sums it received under its factoring arrangement with Trinity Fresh in the aggregate amount of $1,132,406.24.

21. Plaintiffs further agree not to oppose, and otherwise waive any right they may have to oppose, any Request for Entry of Default or Motion for Entry of Default Judgement Produce Pay may file against Trinity Fresh.

22. Through its factoring transactions with Trinity Fresh, Produce Pay is holding $88,446.58 for the benefit of Trinity Fresh in accounts receivable rebates, which are PACA Trust Assets. Produce Pay is also holding Trinity Fresh receivables in the amount of $14,272.12 for the benefit of Plaintiffs. Within ten (10) days of entry of an Order approving this Stipulation, Produce Pay shall remit payment of $102,718.70 to Administrative Counsel for deposit into the PACA Trust Account, entitled "Trinity Fresh PACA Trust Account."

23. Plaintiffs and Produce Pay agree that all other accounts receivable of Trinity Fresh are PACA Trust Assets belonging to Plaintiffs as valid PACA Trust Creditors, including but not limited to $574,329.71 due to Trinity Fresh from Out West Restaurant Group, Inc. (formerly Cerca Trova Restaurant Concepts, Inc.).

24. Administrative Counsel shall promptly serve a copy of this Stipulated Order on Out West Restaurant Group, Inc. and its counsel. Out West Restaurant Group, Inc. shall remit payment of the foregoing $574,329.71 to the "Trinity Fresh PACA Trust Account" within ten (10) business days of notice of entry of this Stipulated Order by wire transfer or by certified funds as instructed by Administrative Counsel.

25. Unless stated otherwise, nothing in this Stipulated Order is a waiver or limitation of any rights Plaintiffs may have under PACA, including, but not limited to, Plaintiffs' PACA Trust rights, or Plaintiffs' ability to enforce said trust rights against any person or entity liable to Plaintiffs for breach of the PACA trust, all such rights being expressly reserved. This Stipulated Order is being entered into pursuant to and in reliance upon 7 C.F.R. §46.46(e)(3) which states, in part: "If there is a default in payment as defined in §46.46(a)(3), the seller, supplier, or agent who has met the eligibility requirements of Paragraphs (e)(1) and (2) of this section will not forfeit eligibility under the trust by agreeing in any manner to a schedule for payment of the past due amount or by accepting a partial payment."

26. Notwithstanding the provisions set forth herein, no finding, conclusion, or stipulation herein shall apply to or be used in any way in the pending adversary actions of the FreshPoint Group and GreenGate against Paul Abess [2].

27. This stipulation and order are the result of negotiation and compromise by and among the parties hereto with respect to the particular facts and circumstances of this case and shall have no application to cases other than this one; however, nothing herein shall prevent any party hereto, including Produce Pay, from arguing, under any applicable principles of collateral estoppel or otherwise, that the entry of this order prevents the assertion of claims against it in this case by parties other than the parties to this order.

28. Pursuant to paragraph 38 of the Claims Order, the Kettle Cuisine claim is disallowed because Kettle Cuisine failed to file and serve timely responses to the objections filed against its claim [Doc. Nos. 78 and 82] as required by the Claims Order.

---

[2] *Freshpoint Denver, Inc. et al v. Abess*, Adv. No. 19-02088; *GreenGate Fresh, LLLP v. Abess*, Adv. No. 19-02093.

29. Pursuant to paragraph 33 of the Claims Order:

> Except for good cause and the absence of substantial prejudice to the non-moving parties shown, **ANY SUPPLIER OR CREDITOR WHO HAS BEEN SERVED WITH THIS ORDER AND THE NOTICE AND WHO FAILS TO TIMELY FILE A PACA PROOF OF CLAIM AND COMPLAINT IN INTERVENTION WITH THE COURT SHALL BE BARRED** from thereafter asserting any claim under PACA against the Defendants, the PACA Trust Assets, the Receivership Estate, other PACA Trust Beneficiaries, or third parties.

As such, all other creditors are barred from thereafter asserting any claim under PACA against Trinity Fresh, the PACA Trust Assets, Plaintiffs, Produce Pay or third party transferees.

IT IS SO ORDERED.

Dated: 2/20/2020        /s/ John A. Mendez_____
                        JOHN A. MENDEZ
                        U.S. DISTRICT COURT JUDGE

Respectfully submitted on February 20, 2020.

**STIPULATED AND AGREED BY:**

                                    RYNN & JANOWSKY, LLP

DATED: February 20, 2020            /s/ June Monroe
                                    June Monroe
                                    RYNN & JANOWSKY, LLP
                                    2603 Main Street, Suite 1250
                                    Irvine, CA  92614

STIPULATED ORDER DETERMINING THE VALIDITY OF PACA TRUST CLAIMS AND AUTHORIZING DISTRIBUTION OF PACA TRUST ASSETS        PAGE 12

|   |   |   |
|---|---|---|
| 1 | | Tel. 949.752.2911 |
| 2 | | Fax.949.752.0953 |
| 3 | | Attorneys for Intervening Plaintiffs Sunterra Produce Traders, Inc., et al. |
| 4 | | |
| 5 | | MEUERS LAW FIRM, P.L. |

DATED: February 20, 2020　　　　/s/ Lawrence H. Meuers
　　　　　　　　　　　　　　　　Lawrence H. Meuers
　　　　　　　　　　　　　　　　Meuers Law Firm, P.L.
　　　　　　　　　　　　　　　　5395 Park Central Court
　　　　　　　　　　　　　　　　Naples, FL 34109
　　　　　　　　　　　　　　　　Tel: 239.513.9191
　　　　　　　　　　　　　　　　Fax: 239.513.9677

　　　　　　　　　　　　　　　　Attorneys for Plaintiff Greengate Fresh, LLLP


McCARRON & DIESS

DATED: February 20, 2020　　　　/s/ Kate Ellis
　　　　　　　　　　　　　　　　Kate Ellis
　　　　　　　　　　　　　　　　McCARRON & DIESS
　　　　　　　　　　　　　　　　4530 Wisconsin Avenue N.W., Suite 301
　　　　　　　　　　　　　　　　Washington, DC 20016
　　　　　　　　　　　　　　　　Tel. 202.364.0400
　　　　　　　　　　　　　　　　Fax 202.364-2731
　　　　　　　　　　　　　　　　kellis@mccarronlaw.com
　　　　　　　　　　　　　　　　*Pro Hac Vice*

　　　　　　　　　　　　　　　　Attorneys for Consolidated Plaintiffs
　　　　　　　　　　　　　　　　FreshPoint Denver, Inc. et al.


GEORGESON AND BELARDINELLI

DATED: February 20, 2020　　　　/s/ C. Russell Georgeson
　　　　　　　　　　　　　　　　C. Russell Georgeson
　　　　　　　　　　　　　　　　GEORGESON AND BELARDINELLI

| | | |
|---|---|---|
| 1 | | State Bar No. 53589 |
| 2 | | 7060 North Fresno Street, Suite 250 |
| | | Fresno, California 93720 |
| 3 | | Tel. 559.447.8800 |
| 4 | | Fax. 559.447.0747 |
| | | crgdanelaw@sbcglobal.net |
| 5 | | |
| | | Attorneys for Plaintiff FreshPoint |
| 6 | | Denver, Inc. et al. |
| 7 | | |
| | | BAKER MANOCK & JENSEN PC |
| 8 | | |
| 9 | DATED: February 20, 2020 | /s/ Michael James Fletcher |
| | | Michael James Fletcher |
| 10 | | BAKER MANOCK & JENSEN PC |
| 11 | | 5260 North Palm Ave. |
| | | Suite 421 |
| 12 | | Fresno, CA 93704 |
| | | 559.432.5400 |
| 13 | | 559.432.5620 (fax) |
| 14 | | mfletcher@bakermanock.com |
| 15 | | Attorneys for Intervenor Ben E. Keith |
| | | Company |
| 16 | | |
| 17 | | |
| 18 | | BIRCH HORTON BITTNER & |
| 19 | | CHEROT, P.C. |
| 20 | | |
| 21 | DATED: February 20, 2020 | /s/ George R. Pitts |
| | | George R. Pitts |
| 22 | | Birch Horton Bittner & Cherot, P.C. |
| 23 | | 1100 Connecticut Avenue, NW, Ste. 825 |
| 24 | | Washington, D.C. 20036-4165 |
| | | (202) 659-5800 – Phone |
| 25 | | (202) 862-8349 – Direct Dial |
| 26 | | (202) 659-1027 – Fax |
| | | gpitts@dc.bhb.com |
| 27 | | |

Attorneys for Intervenor Nor-Cal Produce, Inc.

WALLACE JORDAN RATLIFF
& BRANDT LLC

DATED: February 20, 2020  /s/ Jason R. Klinowski
WALLACE JORDAN RATLIFF
& BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
205.847.0371
jklinowski@wallacejordan.com
*Pro Hac Vice*

Attorneys for Intervenor Produce Pay, Inc.

NEUMILLER & BEARDSLEE

DATED: February 20, 2020  /s/ Ricardo Z. Aranda
NEUMILLER & BEARDSLEE
3121 W. March Lane, Suite 100
Stockton, CA 95219
Tel. 209-948-8200
raranda@neumiller.com

Attorneys for Intervenor Fresh Innovations California, LLC