UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENGATE FRESH, LLLP, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>TRINITY FRESH PROCUREMENT, LLC, *et al.*,<br><br>    Defendants. | Case No. 2:18-cv-03161-JAM-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT INTERVENOR'S MOTION FOR DEFAULT JUDGMENT BE GRANTED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 17 |

Consolidated plaintiffs are creditors and beneficiaries under the trust provisions of the Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(2). *See* ECF No. 1. On February 28, 2019, the court issued a preliminary injunction to preserve PACA trust assets and allow plaintiffs to collect payment. *See* ECF No. 47. Plaintiffs then served intervenor Produce Pay, Inc., with a demand for payment and discovery requests. *See* ECF No. 76 at 10. On April 22, 2019, intervenor filed a Complaint in Intervention for Declaratory Judgment under 28 U.S.C. § 2201(a), seeking to clarify the rights and legal relations between intervenor and the three defendants: Trinity Fresh Procurement, LLC; Trinity Fresh Management, LLC; and Trinity Fresh Distribution, LLC. *Id.* at 2-3. In particular, intervenor seeks to establish that the accounts receivable purchased by intervenor do not qualify as PACA trust res. *See id.* at 5-6.

On October 27, 2019, defendants' authorized agent was served with a copy of the summons and intervenor complaint by a process server, and defendants were mailed copies. ECF Nos. 144, 145, 146. Defendants did not timely answer the intervenor complaint. On March 3, 2020, the clerk of the court entered defendants' default. ECF No. 151. On March 1, 2021,

1

intervenor moved for default judgment against defendants, seeking entry of a declaratory judgment. ECF No. 159 at 2. The motion was scheduled for a hearing on April 1, 2020. Defendants did not appear.[1]

I recommend that the court grant intervenor's motion for default judgment, ECF No. 159, and enter a declaratory judgment establishing that: (1) the factoring agreement between intervenor and defendants constituted a true sale of specified produce-related accounts receivable, (2) intervenor's payment of the agreed-upon purchase price to defendants extinguished any and all PACA trust rights or obligations that may have been impressed on the produce-related accounts receivable, and (3) the agreed-upon purchase price for each produce-related account receivable was commercially reasonable.

**I. DISCUSSION**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) allows a court to enter judgment against a party that has defaulted. The decision to do so is "discretionary," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), but guided by several factors. As a preliminary matter, courts must assess the adequacy of service on the party against whom the default judgment would be entered. *See Cranick v. Niagara Credit Recovery, Inc.*, No. 1:13-CV-671-LJO-GSA, 2014 WL 325321, at *1 (E.D. Cal. Jan. 28, 2014*); see also Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[B]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

Service on defendants was appropriate, and the clerk properly entered their default on March 3, 2020. *See* ECF No. 151. Federal Rule of Civil Procedure 4(h) allows service on a corporation to occur by "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

---

[1] Plaintiffs' counsel appeared on April 1, 2020, in order to inform the magistrate court that plaintiffs do not object to the court granting intervenor's motion for default judgment.

2

service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Here, the summons and complaint were served personally on an authorized agent and mailed to defendants on October 27, 2019. ECF Nos. 144, 145, 146. Since being served, defendants have filed no pleadings and have not otherwise shown an intent to contest intervenor's claims. Therefore, when defendants failed to respond, they defaulted.

Defendants' default does not by itself entitle intervenor to a court-ordered judgment. I must consider discretionary factors before rendering a decision, including: (1) possible prejudice to the intervenor, (2) the merits of intervenor's claim, (3) the sufficiency of the complaint, (4) the sum of money at stake, (5) the possibility of a factual dispute, (6) whether the default was potentially due to excusable neglect, and (7) the general policy that cases be decided on the merits.[2] *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). I consider the *Eitel* factors in turn:

### a. Prejudice

Intervenor seeks declaratory relief to clarify legal rights and obligations between the parties, but defendants have not filed any responsive pleadings. As argued by intervenor, if questions about the parties' rights and obligations were to remain unresolved, it could cause "uncertainty in factoring transactions with future potential produce dealers who wish to factor their produce-related accounts receivable, which could needlessly deter produce dealers from doing business with [intervenor] in the future." ECF No. 159 at 15. Entry of default judgment would prevent this possible prejudice to intervenor. *See Eitel*, 782 F.2d at 1471-72.

### b. Merits and Sufficiency of Allegations

As for factors two and three, intervenor sufficiently pled factual allegations that—

---

[2] The court's analysis of the *Eitel* factors is not impacted by the fact that intervenor seeks declaratory relief. *See, e.g.*, *Maxum Indem. Co. v. Kaur*, No. 1:17-CV-01467-LJO-JLT, 2019 WL 7605677, at *1-2 (E.D. Cal. Jan. 9, 2019); *JPMorgan Chase Bank, N.A. v. Yamassee Tribal Nation*, No. 1:17-CV-00759-LJO-EPG, 2018 WL 3629940, at *4 (E.D. Cal. July 30, 2018).

accepted as true—entitle intervenor to the declaratory judgment sought. "[I]n a case of actual controversy within its jurisdiction," a court may "declare the rights . . . of any interested party seeking such declaration." 28 U.S.C. § 2201(a); *see also McGraw-Edison Co. v. Preformed Line Prod. Co.*, 362 F.2d 339, 342 (9th Cir. 1966) ("The purpose of the Declaratory Judgment Act is to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim."). A "case of actual controversy" exists when there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," and the controversy relates to a claim upon which relief can be granted. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The case or controversy requirement is satisfied when a plaintiff has "a real and reasonable apprehension that he will be subject to liability." *Societe de Conditionement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 944 (9th Cir. 1981).

Intervenor requests a declaratory judgment that would clarify PACA rights and obligations. ECF No. 76 at 6-10. PACA "creates a statutory trust for unpaid sellers [or suppliers] of perishable agricultural commodities and provides that all such commodities, as well as accounts receivable from the sale of such commodities, 'shall be held by . . . [the produce dealer] in trust for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment . . . has been received.'" *Gargiulo v. G. M. Sales*, 131 F.3d 995, 999 (11th Cir. 1997) (quoting 7 U.S.C. § 499e(c)(2)). The trust thereby grants produce suppliers priority in the assets of accounts receivable over an insolvent produce dealer's other creditors. Due to the ongoing obligation owed to trust beneficiaries, a trustee of a PACA trust must not act in a way that would impair the ability of produce suppliers to recover owed money. *See* 7 C.F.R. § 46.46. A commercially reasonable sale of accounts receivable does not impair the ability of produce suppliers to recover owed money, but rather converts the assets into cash that is more readily available to suppliers. *See S & H Packing & Sales Co. v. Tanimura Distrib., Inc.*, 883 F.3d 797, 803 (9th Cir. 2018). Hence, when a factoring agreement effects a commercially reasonable sale, the agreement removes the accounts receivable from the PACA trust. *Id.* at 813. In determining commercial

4

reasonability, courts must first conduct a threshold true sale inquiry that distinguishes between sales and other arrangements. *Id.* at 801. The primary factor in determining whether a true sale has occurred is transfer of risk. *Id.* at 813.

Intervenor's factual assertions sufficiently establish the basis for granting a declaratory judgment. On October 17, 2018, intervenor entered into a factoring agreement with defendants for certain produce-related accounts receivable. ECF No. 76 at 6. As part of the agreement, defendants fully transferred all rights, titles, and interests in these accounts. *Id.* at 7. The sale of each account receivable was memorialized through a bill of sale. *Id.* The factoring agreement required no collateralization or securitization—as might be expected in an arrangement other than a sale, such as a loan. *Id.* at 9. Intervenor assumed all risk of non-payment. *Id.* at 6-8. Since the primary factor in determining whether a true sale has occurred is risk factor, the factoring agreement was a true sale. *See S & H Packing*, 883 F.3d at 813. As for whether the agreed-upon purchase price was commercially reasonable, I consider the discount received by intervenor—which, in this case, was a 20% reduction from the accounts' face value. ECF No. 76 at 7. Although every case is different, "a factoring discount of 20% was never shown to be commercially unreasonable." *Boulder Fruit Exp. & Heger Organic Farm Sales v. Transportation Factoring, Inc.*, 251 F.3d 1268, 1272 (9th Cir. 2001), overruled on other grounds by *S & H Packing*, 883 F.3d at 801-02. I find the discount to have been reasonable in this case, considering the effort and time that intervenor was expected to invest in collecting on the accounts.

I therefore find that the factoring agreement formalized a commercially reasonable, true sale, and that the PACA trustee did not breach its duties in entering into the agreement. *See S & H Packing*, 883 F.3d at 803. The factoring agreement thus removed the accounts receivable from the trust. *See id.* at 813.

### c. Remaining *Eitel* Factors

Based on intervenor's well-pleaded complaint, defendants' failure to appear and contest the allegations contained therein, and the absence of any objection from plaintiffs, the possibility of a factual dispute is remote. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992). Additionally, given the length of time since service of the summons and complaint,

1 | there is no evidence that defendants' failure to appear resulted from excusable neglect.  *Cf.*
*Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

As for the final *Eitel* factor, while there is a strong preference in favor of judgment on the merits, default judgment is appropriate where a failure to appear renders judgment on the merits impracticable.  *See Craigslist, Inc., v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (C.D. Cal. 2010).  Notwithstanding proper service, defendants have failed to appear in these proceedings.  Therefore, entry of default judgment is appropriate.

## II. FINDINGS AND RECOMMENDATIONS

Since defendants have failed to appear and judgment on the merits would be impracticable, intervenor has sufficiently pled allegations entitling it to declaratory relief, and plaintiffs have not objected to such relief, I recommend that intervenor's motion for default judgment, ECF No. 159, be granted.  I recommend that the court enter a declaratory judgment that: (1) the factoring agreement between Produce Pay, Inc., and Trinity Fresh Procurement, LLC, Trinity Fresh Management, LLC, and Trinity Fresh Distribution, LLC, constituted a true sale of specified produce-related accounts receivable; (2) Produce Pay, Inc.'s payment of the agreed-upon purchase price to Trinity Fresh Procurement, LLC, Trinity Fresh Management, LLC, and Trinity Fresh Distribution, LLC, extinguished any and all PACA trust rights or obligations that may have been impressed on the produce-related accounts receivable; and (3) the agreed-upon purchase price for each produce-related account receivable in the factoring agreement was commercially reasonable.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: May 4, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE